ACCEPTED
05-14-01603-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/26/2015 1:49:12 PM
LISA MATZ
CLERK

## NO. 05-14-01603-CV

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/26/2015 1:49:12 PM
LISA MATZ
Clerk

### IN THE FIFTH DISTRICT COURT OF APPEALS
### DALLAS, TEXAS

### NATHAN HALSEY AND BONAMOUR PACIFIC, INC.,
*Appellants*,

### v.

### PAM HALTER, Individually and Derivatively on Behalf of Nominal Defendant, BONAMOUR PACIFIC, INC.,

*Appellee.*

On Appeal from Cause No. DC-12-12868,
In the 162nd Judicial District Court of Dallas County, Texas,
The Honorable Phyllis Lister Brown, Presiding.

### APPELLANTS NATHAN HALSEY AND
### BONAMOUR PACIFIC, INC.'S BRIEF

**KANE RUSSELL COLEMAN &
LOGAN PC**

Zach T. Mayer
State Bar No. 24013118
zmayer@krcl.com
Sara J. Krumholz
State Bar No. 24060579
skrumholz@krcl.com
1601 ELM STREET, SUITE 3700
DALLAS, TEXAS 75201
(214) 777-4200 / FAX (214) 777-4299
**ATTORNEYS FOR APPELLANTS**

001

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, the following constitutes a complete list of parties and the names and addresses of all counsel involved in this case:

**I. APPELLANTS:**

NATHAN HALSEY AND
BONAMOUR PACIFIC, INC.
c/o their counsel of record:
Zach T. Mayer
State Bar No. 24013118
zmayer@krcl.com
Sara J. Krumholz
State Bar No. 24060579
skrumholz@krcl.com
KANE RUSSELL COLEMAN &
LOGAN PC
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200
Fax (214) 777-4299

**II. APPELLEE:**

PAM HALTER, INDIVIDUALLY
AND DERIVATIVELY ON BEHALF
OF NOMINAL DEFENDANT,
BONAMOUR PACIFIC, INC.
c/o their counsel of record:
Mr. Dennis Roossien
droossien@munsch.com
State Bar No. 00784873
MUNSCH HARDT KOPF &
HARR, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
(214)855-7500
Fax (214)978-5327

Andrew B. Sommerman, Esq.
State Bar No. 18842150
asommerman@textrial.com
George (Tex) Quesada, Esq.
State Bar No. 16427750
quesada@textrial.com
SOMMERMAN & QUESADA,
L.L.P.
3811 Turtle Creek Boulevard,
Suite 1400
Dallas, Texas 75219-4461
(214) 720-0720
Fax (214) 720-0184

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................ i

TABLE OF CONTENTS .................................................................................... ii

INDEX OF AUTHORITIES............................................................................... iii

RECORD REFERENCES .................................................................................. 1

STATEMENT OF THE CASE............................................................................ 1

ISSUE PRESENTED......................................................................................... 2

STATEMENT OF FACTS ................................................................................. 2

SUMMARY OF ARGUMENT .......................................................................... 6

ARGUMENT .................................................................................................... 6

I.     Standard of Review.................................................................................. 6

II.    The Trial Court Abused its Discretion in Awarding Appellee $28,333.00 in Attorneys' Fees....................................................................................... 7

   A.   The Testimony Offered on Behalf of the Appellee Concerning the Andersen Factors was not Sufficient Evidence to Support her Attorney Fee Award. ...................................................................... 8

   B.   Appellee's Claimed Attorneys' Fees Were Excessive, Unreasonable and Unnecessary. ........................................................................... 10

CONCLUSION AND PRAYER ........................................................................ 14

CERTIFICATE OF COMPLIANCE.................................................................. 15

CERTIFICATE OF SERVICE .......................................................................... 16

APPENDIX ............................................................................................. Tabs 1-4

# INDEX OF AUTHORITIES

**Cases**

*Arthur Andersen & Co. v. Perry Equip. Corp*., 945 S.W.2d 812, 818-19 (Tex. 1997) ........................................................................................ 7, 8, 9

*Bocquet v. Herring*, 972 S.W.2d 19, 20–21 (Tex.1998) ............................................6

*Burgmann Seals Am., Inc. v. Cadenhead*, 135 S.W.3d 854, 860–61 (Tex.App.-Houston [1st Dist.] 2004, pet. denied) ....................................................................11

*City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) ..........................................12

*Cleveland v. Taylor*, 397 S.W.3d 683, 701 (Tex. App. 2012) ...................................6

*Compare Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002) ...................................12

*El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 365 (Tex. 2012) ..................... 10, 11, 12

*Elgaghil v. Tarrant Cnty. Junior Coll.*, 45 S.W.3d 133, 144–45 (Tex.App.-Fort Worth 2000, pet. denied) ...............................................................................11

*Gill Savings Ass'n. v. International Supply, 759 S.W.2d 697, 702* (Tex. App. – Dallas, 1988, writ denied.) ................................................................................13

*Phillips & Akers, P.C. v. Cornwell*, 927 S.W.2d 276, 279 (Tex.App.-Houston [1st Dist.] 1996, no writ.) ......................................................................................6

*Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991) ..........................7

*Sw. Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 55–56 (Tex.1998) ...............11

**Statutes**

Texas Civil Practice & Remedies Code Section § 38.001 ................................ 11, 12

**Rules**

Rule 38.1(a) of the Texas Rules of Appellate Procedure ........................................ i

## RECORD REFERENCES

Appellants Nathan Halsey and Bonamour Pacific, Inc. will cite the record as follows:

**Clerk's Record** -- **CR: Vol. [page]**

**Court Reporter's Record** -- **RR: [page]**

**Appendix** -- **TAB: [number]**

## STATEMENT OF THE CASE

This is a breach of contract case where Appellee was awarded attorneys' fees. Appellant disputes the amount of the awarded attorney's fees.

The original issues in this matter involved a shareholder suit filed against Appellants for breach of fiduciary duties and unjust enrichment as a result of a stock purchase agreement. [CR: 9-14].

In relation to the shareholder suit, on or about June 2, 2014 the parties entered into a settlement agreement for the total sum of $85,000.00 which included Appellee's claim for attorneys' fees. [RR: 17:6-17; 23:9-22]. Appellants were not able to pay the settlement amount as intended and breached the agreement. The case was reset for trial on August 27, 2014.

The only live issues at trial were the breach of settlement agreement and related attorneys' fees. [RR: 11:20-12:8]. The Appellee has a 1/3 contingency fee agreement with her counsel. [RR: 8:18-22]. On September 30, 2014, the Court

1

signed a Final Judgment awarding Plaintiff $85,000.00 in the principal amount, plus an additional $28,333.00 in attorneys' fees. [See CR: 1267-1268].

Appellants assert Appellee's alleged attorneys' fees were not supported by factually sufficient evidence or, alternatively, are against the great weight and preponderance of the evidence and the trial court abused its discretion in awarding the excessive, unreasonable and unnecessary fees.

### ISSUE PRESENTED

Did the Appellee provide legally sufficient evidence to support the award of $28,333.00 in attorneys' fees at the trial of contract action that was less than three months old.

### STATEMENT OF FACTS

Appellee filed a shareholder suit against Appellants for breach of fiduciary duties and unjust enrichment as a result of a stock purchase agreement involving the company Millennia, Inc., which eventually became Bonamour Pacific, Inc. [CR: 9-14].

On the eve of the April 28, 2014 trial date, the parties reached an agreement to settle. On June 2, 2014 Appellee signed the settlement agreement that provided Appellee was to be paid $85,000.00 in full and final settlement of all claims and the settlement amount included all attorneys' fees and other costs associated with the lawsuit. [RR: 23:9-19]. The settlement agreement further provided that

Appellants continue to vigorously deny liability and the settlement was not be construed as an acceptance of liability. [RR: 23:24-25:7].

Pursuant to the terms of the settlement agreement, Appellants were to pay the $85,000.00 by June 9, 2014. [RR: 20-23]. However, Appellants were unable to come up with the settlement funds as they had anticipated. As a result, the trial court reset the case for trial on August 27, 2014. On August 18, 2014, Appellee filed her initial claims for breach of contract and promissory estoppel as a result of the breached settlement agreement. [CR: Vol 2., 1189-1196]. The parties reached an Agreed Judgment prior to trial and presented it to the trial court on August 27, 2014. The trial court rejected the terms of the Agreed Judgment and the matter was tried before the bench that same day. [RR: 6:7- 10:7; 11:1-8]. Because the underlying matter had been settled for $85,000.00 the parties agreed the only live issues to be tried were the breach of settlement agreement and related attorneys' fees. [RR: 11:20-12:8]. Appellee acknowledged that she was not "seeking fees beyond the fees for breach [of settlement agreement] and enforcement of the settlement agreement." [RR: 29:12-14; 54:3-19].

Appellee has been represented by two law firms, Munsch Hardt Kopf & Harr, P.C ("Munsch Hardt") with Mr. Dennis Roosien acting as lead counsel, and Sommerman & Quesada, L.L.P., with Andrew Sommerman acting as lead counsel. [RR: 2; 25:24-26:2]. During trial, Appellee represented that her attorneys were

being compensated on a 1/3 contingency fee basis and that she was accordingly seeking $28,333.00 in attorneys' fees. [RR: 8:18-22]. Appellee entered into evidence fee statements from one of the law firms, Munsch Hardt reflecting $15,280.00 in attorney's fees from June 9, 2014 through August 20, 2014. [TAB 2: 00037-00041]. The fee statements for this time period were composed entirely of time by a firm partner. [TAB 2: 00037-00041].

Mr. Sommerman provided live testimony as Appellee's expert witness on attorney's fees. Mr. Sommerman testified that since June 9, 2014, he and his associates prepared all witnesses he intended to bring to trial, including "expert witnesses as well as the plaintiffs involved."[RR: 27:9]. There is only one physical Plaintiff in this matter and the only experts designated that related to the trial on breach of the settlement agreement was Mr. Sommerman himself and Mr. Roosien for the issue of attorneys' fees. [RR: 100-101]. The only other person Appellee brought to trial was her husband, Mr. Kevin Halter, Sr., who was not called as a witness.

Mr. Sommerman further testified that his associate, Jodi Rodenberg, prepared direct examinations of "all of the individuals that were involved along with Mr. Roosien." [RR: 27:10-13]. The only witnesses called to testify were Plaintiff on the issue of the terms of the settlement agreement and Mr. Sommerman regarding attorneys' fees. [RR: 3].

4

Mr. Sommerman testified that he is solely a contingency fee attorney and never bills. [RR: 29:2-4]. When asked if there was any documentation of the work he performed on this case, including emails, he testified there were "[a]bsolutely none." [RR: 45:6-8].

Mr. Sommerman further testified that the hours spent by Munsch Hardt are representative of the hours spent by his firm. [RR: 29:5-7].[1] Mr. Sommerman testified the amounts charged should be doubled to account for the work of his office. [RR: 42:21-43:17].

Mr. Sommerman also acknowledged that the Munsch Hardt time records started over once the settlement agreement was reached and that Appellee is only looking to recover "post-settlement fees." [RR: 46:16-17; 54:6-19]. From June 9, 2014, the date the settlement proceeds were to have been paid, through August 20, 2014, the Munsch Hardt invoice reflected 38.2 hours spent by Mr. Roosien, totaling $15,280.00 in fees. [RR:46:16-24]. Mr. Sommerman testified that Mr. Roosien's hourly fee is $400 an hour. He provided no specific testimony as to what his hourly fee would customarily be or that of his associates for this type of case.

---

[1] Mr. Sommerman testified "you would have to multiply [the hours Munsch Hardt spent] times two" to include the hours Sommerman & Quesada spent on the case since June 9, 2014. [RR:42:21-43:17]. Yet, Mr. Sommerman did not know how many hours Munsch Hardt has spent on the case since the settlement agreement had been breached. [RR:42:21-43:17].

## SUMMARY OF ARGUMENT

Appellants argue that the trial court erred in awarding Appellee $28,333.00 in attorneys' fees, representing their 1/3 contingency fee of the $85,000.00 judgment. Appellee's attorneys' fees are redundant, without adequate evidentiary support and should not have been considered by the trial court. Appellants further argue that any evidence of attorneys' fees from before the breach of the settlement agreement on June 9, 2014 should not have been considered by the trial court as they were unrelated to the breach of settlement agreement, which was the only issue tried to the Court.

## ARGUMENT

### I.     Standard of Review

On appeal, a trial court's award of attorneys' fees is reviewed for abuse of discretion. *Bocquet v. Herring,* 972 S.W.2d 19, 20–21 (Tex.1998). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles. *Id.* at 21. When reviewing a trial court's decision under this standard, this Court must view the evidence in the light most favorable to the trial court's ruling and indulge every presumption in its favor. *Phillips & Akers, P.C. v. Cornwell,* 927 S.W.2d 276, 279 (Tex.App.-Houston [1st Dist.] 1996, no writ.); *Cleveland v. Taylor*, 397 S.W.3d 683, 701 (Tex. App. 2012).

**II. The Trial Court Abused its Discretion in Awarding Appellee $28,333.00 in Attorneys' Fees.**

There are a number of methods by which attorneys may determine fees to charge to clients, including the annual retainer method, the fee-for-service method, and contingency fee methods, but, as the Texas Supreme Court in *Arthur Andersen* recognized, considerations are different when a party seeks to shift its fee to another party. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997).

The Texas Supreme Court has specified that while a contingent fee may indeed be a reasonable fee from the standpoint of the parties to the contract it does not agree that the mere fact that a party and a lawyer have agreed to a contingent fee means that the fee arrangement is in and of itself reasonable for purposes of shifting that fee to the defendant. *Arthur Andersen & Co.*, 945 S.W.2d at 812, 818-19.

Rather, Texas law confers the burden of proof on the party seeking attorney's fees. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991). A party's contingent fee agreement should be considered by the factfinder, but that agreement cannot alone support an award of attorney's fees. *See Arthur Andersen & Co.*, 945 S.W.2d at 818-19. In other words, the plaintiff cannot simply ask the jury to award a percentage of the recovery as a fee because without evidence of the

7

factors identified in Disciplinary Rule 1.04, the jury has no meaningful way to determine if the fees were in fact reasonable and necessary. *Id.*

Appellee failed to meet its burden under the Andersen factors and failed to otherwise provide reliable, competent evidence with which the trial court could rely to award $28,333.00 in attorneys' fees.

**A.** **The Testimony Offered on Behalf of the Appellee Concerning the Andersen Factors was not Sufficient Evidence to Support her Attorney Fee Award.**

As laid out in *Andersen*, factors that a factfinder should consider when determining the reasonableness of an attorney fee include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and,

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co.,* 945 S.W.2d at 818.

8

Under *Andersen*, the plaintiff must prove that the amount of fees was both reasonably incurred and necessary to the prosecution of the case *at bar*, and must ask the trier of fact to award the fees in a specific dollar amount, not as a percentage of the judgment. *Id.* at 19 (emphasis added).

In addressing the Andersen factors, Mr. Sommerman testified in vague statements such as "the rates are reasonable in terms of staff . . .the other rates are reasonable", without identifying what those rates were or the qualifications of the staff and associates for which he was addressing. [RR: 36:21-37:6; 38:10-39:5]. Mr. Sommerman further testified that "we did forgo a number of pieces of litigation in order to take this one" without identifying a single example. [RR: 36:21-37:6].Mr. Sommerman's testimony concerning the Andersen Factors provided no details or specific examples by which a trier of fact could properly rely. [RR: 36:21-37:6; 38:10-39:5].

Further, Mr. Sommerman testified that the $85,000.00 settlement, which included Appellee's claims for attorneys' fees, was a good result and was "about all [Appellee] can hope for." [RR: 39:6-19]. Because the 85,000.00 settlement was to include all attorneys' fees up until June 9, 2014, the $85,000.00 already contained Appellees' 1/3 contingency fee for the underlying shareholder claims and Appellee is now improperly seeking a double recovery.

But what is most critical from Mr. Sommerman's testimony was that he was almost wholly testifying concerning the previous SEC litigation and did not specify the Andersen Factors concerning the simple breach of settlement agreement that was the case *at bar*. [RR: 36:21-40:25]. Appellee by her own admission is only seeking fees from after the breach of settlement agreement, which took place on June 9, 2014. [RR: 46:16-17; 54:6-19].

Here, Appellee has not complied with the Andersen holding because she failed to prove the attorneys' fees sought were both reasonable and necessarily incurred in the prosecution of the case at hand and as a result, the trial court abused its discretion in awarding Appellee the one third contingency of $28,333.00.

**B.** **Appellee's Claimed Attorneys' Fees Were Excessive, Unreasonable and Unnecessary.**

Appellee is attempting to collect $28,333.00 on a breach of settlement agreement action that was less than three months old at the time of trial and required no written discovery or depositions. Such an award on a straightforward issue is excessive and Appellee's evidence presented at trial demonstrated that much of the work performed was unreasonable and unnecessary.

Under the Andersen ruling, attorneys' fees must be both reasonable and necessary. But the Texas Supreme Court has gone further since reaching its ruling in Andersen. In *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 365 (Tex. 2012) the Texas Supreme Court, when considering a lodestar case, required "proof

10

documenting the performance of specific tasks, the time required for those tasks, the person who performed the work, and his or her specific rate." 370 S.W.3d 757, 365 (Tex. 2012). The Court emphasized that the documentation provided must be sufficient for the trial court to make a meaningful evaluation of the application for attorney's fees. *Id.* at 762. Appellants contend that the Texas Supreme Court, if squarely presented with the issue, would most likely apply its reasoning and holdings in *El Apple* to require the lodestar factors under Texas Civil Practice & Remedies Code Section § 38.001 or at least some documentation of the time and tasks spent so a trial court can make a meaningful evaluation of the claimed attorneys' fees. Here, Mr. Sommerman has no documented proof of his efforts in this case.

In reaching its holding in *El Apple, I*, the Court recognized that although state procedural rules govern the determination of attorney's fees in a suit brought under state law, Texas courts have looked to federal law on the issue. *Id. at 760*; *See, e.g., Sw. Bell Mobile Sys., Inc. v. Franco,* 971 S.W.2d 52, 55–56 (Tex.1998); *Burgmann Seals Am., Inc. v. Cadenhead,* 135 S.W.3d 854, 860–61 (Tex.App.-Houston [1st Dist.] 2004, pet. denied); *Elgaghil v. Tarrant Cnty. Junior Coll.,* 45 S.W.3d 133, 144–45 (Tex.App.-Fort Worth 2000, pet. denied).

In fact, developing Texas law has been consistent with federal precedent approving attorney fees based on a "contingency fee" or "percentage" method

when the client is solely responsible for the fee, while denying it in fee-shifting cases. *Compare Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002) and *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992). In *Dague*, the Supreme Court, noting that it has "generally turned away from the contingent-fee model," held that enhancement of the lodestar by a multiplier based on a contingent fee agreement is not allowed when fees are awarded under fee-shifting statutes. *Dague*, 505 U.S. at 567.

In this context the Texas Supreme Court would likely require at least some information set out in *El Apple* in a case under § 38.001. Disregarding the contingent percentage agreement in this case clarifies how the evidence Appellee submitted is insufficient and reflects unreasonable fees.

For instance, Mr. Sommerman testified that Mr. Brown, an SEC expert was prepared for the August 27, 2014 trial setting, which tried only the breach of settlement issue and Mr. Brown was not even brought to trial. [RR: 50:16-20]. Appellee also entered into evidence fee statements from Munsch Hardt reflecting $15,280 in attorney's fees from June 9, 2014 through August 20, 2014. [TAB 2: 00037-00041]. The fee statements for this time period were composed entirely of time by a firm partner. [TAB 2: 00037-00041]. Time spent by associates and legal assistants was not segregated into any separate time entries, though at least two Munsch Hardt associates had billed extensively leading up to the April 28, 2014

12

trial setting.[2] [See TAB 2:10-29]. Munsch Hardt made no effort to segregate out any paralegal time incurred since June 9, 2014, although Mr. Sommerman testified that staff at both his firm and Munsch Hardt worked on this matter, including secretaries and paralegals. [RR:38:10-24]. *See Gill Savings Ass'n. v. International Supply, 759 S.W.2d 697, 702* (Tex. App. – Dallas, 1988, writ denied.) (holding compensation for legal assistants work may only be "included in the award of attorneys' fees if a legal assistant performs work that has traditionally been done by an attorney." )

Mr. Sommerman's testimony provided little more than broad vague statements with an uncertainty of the hours spent beyond repeatedly testifying Sommerman & Quesada spent the exact same number of hours as Musch Hardt, even with "absolutely no" documentation of their work. [RR: 28:5-7; 42:21-43:17] This is not reliable or adequate evidence of fees.

His testimony consisted scant detail and seemed to mostly reference work performed for the original April 28, 2015 trial, not the work needed for the breach of contract issue. He provided little or no descriptions of the particular services provided, no indication who performed the service, or how long each task took, among other things. Any fees from Plaintiff's original fiduciary claims against

---

[2] When asked how much of the invoiced work since June 9, 2014 was Mr. Roosien and how much was staff, Mr. Sommerman testified vaguely "the vast majority of it was Dennis Roosien. I mean, significantly the vast majority." [RR:42:21-43:17]. It is believed that both of those associates had left Munsch Hardt before or shortly after the April 28, 2014 trial setting. [53:22-54:11].

Appellants were from before the breach of the settlement agreement and were already encompassed in the terms of the settlement agreement. To consider fees from before the breach would be to allow Appellee double recovery of her fees. The breach of settlement agreement was a straightforward issue that was litigated for less than three months before trial. An award of $28,333.00, one third of the $85,000 judgment, is excessive and unsupported by the evidence.

The evidence Appellee submitted to support her award of attorneys' fees was legally insufficient under Texas law to allow the trial court to calculate a reasonable fee award. Rather, the evidence presented by Appellee at the trial and the facts of the case show that the $28,333.00 sought is an excessive award for unreasonable and unnecessary attorneys' fees concerning the case at bar. This Court should vacate the award below and remand for further proceedings based on a correct application of Texas' requirements to recover attorney's fees under § 38.001.

## CONCLUSION AND PRAYER

For the foregoing reasons, Appellants ask this Court to vacate the trial court's Final Judgment awarding Appellee $28,333.00 in attorneys' fees and requests this Court either reduce the fees awarded or remand this case for further proceedings.

14

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By:     /s/ *Sara J. Krumholz*
Zach T. Mayer
State Bar No. 24013118
zmayer@krcl.com
Sara J. Krumholz
State Bar No. 24060579
skrumholz@krcl.com

1601 ELM STREET, SUITE 3700
DALLAS, TEXAS 75201
(214) 777-4200 / FAX (214) 777-4299

**ATTORNEYS FOR APPELLANTS
NATHAN HALSEY AND BON AMOUR
PACIFIC, INC.**

## CERTIFICATE OF COMPLIANCE

I hereby certify that Appellants' Brief complies with the word-count limitations of Tex. R. App. P. 9.4(i) because it contains 4,006 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1). The word-count was obtained using the word-count function of Microsoft Word, the computer program used to prepare the document.

/s/ *Sara J. Krumholz*
SARA J. KRUMHOLZ

15

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2015, a true and correct copy was forwarded to each attorney of record listed below:

**VIA E-FILE AND FACSIMILE**
Mr. Dennis Roossien
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659

Andrew B. Sommerman, Esq.
George (Tex) Quesada, Esq.
SOMMERMAN & QUESADA, L.L.P.
3811 Turtle Creek Boulevard,
Suite 1400
Dallas, Texas 75219-4461

**ATTORNEYS FOR APPELLEE, PAM HALTER, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT, BONAMOUR PACIFIC, INC.**

_/s/ Sara J. Krumholz_
SARA J. KRUMHOLZ

020

# APPENDIX

| TAB | DOCUMENT | Bates # |
|:---:|---|---|
| 1 | Plaintiff's Trial Exhibit 1: Confidential Settlement Agreement and Mutual Release | 00001-00007 |
| 2 | Plaintiff's Trial Exhibit 2: August 22, 2014 Correspondence with Attached Fee Statements | 00008-00044 |
| 3 | Final Judgment | CR:1267 |
| 4 | Order Denying Defendants' Motion for a New Trial | CR: 1313 |

# TAB 1

# CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release ("Agreement and Release") is made and entered into on this 2nd day of June, 2014 (the "Effective Date") by and between Pam Halter, Kevin B. Halter, Sr. (collectively "The Halters"), Nathan Halsey, and Bonamour Pacific, Inc.("Bonamour") (collectively "The Parties").

## RECITALS

WHEREAS, on October 31, 2012, Pam J. Halter filed suit against Nathan Halsey, individually, and Bonamour in the 162nd Judicial District Court, Harris County, Texas, Cause No. DC-12-12868, styled *Pam J. Halter, Individually and Derivatively on Behalf of Nominal Defendant, Bonamour Pacific, Inc. vs. Nathan Halsey and Bonamour Pacific, Inc.* (hereafter referred to as "THE LAWSUIT"); and,

WHEREAS, Pam Halter, individually and derivatively on behalf of nominal defendant Bonamour, has asserted various claims in the Lawsuit against Nathan Halsey and Bonamour relating to damages Pam Halter allegedly suffered in connection with a series of transactions relating to Bonamour stock; and,

WHEREAS, Nathan Halsey and Bonamour have answered Pam Halter's claims and allegations in the Lawsuit by filing a general denial and asserting various affirmative defenses, and both Nathan Halsey and Bonamour continue to deny (a) any wrongdoing whatsoever in connection with the subject transactions or (b) any liability for any alleged wrongful acts or omissions with respect to Bonamour or any of the other matters that form the basis of the Lawsuit; and,

WHEREAS, the Halters have represented that Pam Halter's claims are entirely her separate property, and Kevin Halter has agreed to affirm that he has no claims against Nathan Halsey or Bonamour; and,

WHEREAS, in order to avoid the expense and uncertainties of continued litigation, Pam Halter, Nathan Halsey and Bonamour, have agreed to compromise and settle all issues and claims between them that have been or could have been raised in the Litigation; and,

WHEREAS, The Parties, through their respective counsel, have negotiated a compromise and settlement of all of the claims Pam Halter asserted or could have asserted against Nathan Halsey and/or Bonamour or any of Bonamours owners, members, officers or directors in the Lawsuit and any claims or counterclaims Nathan Halsey or Bonamour could have asserted in the lawsuit against Pam Halter or Kevin B. Halter, Sr.; and,

WHEREAS, liability is vigorously denied by all Parties and agreements on the part of the Parties herein are not and should not be construed as an admission of liability or any wrongdoing whatsoever; and,

NOW, THEREFORE, in consideration of the mutual promises, covenants and monetary terms stated in this Agreement, the Parties agree and contract as follows:



PLAINTIFF'S EXHIBIT

## AGREEMENT:

1.     **Release by Pam Halter.** Pam Halter agrees to dismiss with prejudice all of the claims brought or which could have brought in the Lawsuit against Nathan Halsey and Bonamour and to waive and relinquish all rights, claims or causes of action of any kind she have or may claim to have against Nathan Halsey, Bonamour, Zach T. Mayer, Sara J. Krumholz, and Kane Russell Coleman & Logan PC, their respective heirs, assigns, successors, representatives, agents, servants, attorneys, assigns, executors, administrators, officers, directors, shareholders, partners, employees, servants, affiliate companies, insurers, and any other person, firm or corporation in privity with them (hereinafter collectively referred to as the "Released Parties") growing out of, relating to, or arising from the actions complained of in The Lawsuit. Pam Halter hereby releases, relinquishes, discharges and quitclaims the Released Parties of and from any and all claims, demands, rights or causes of action of any kind, whether now known, asserted or not, she may have or may claim to have growing out of or resulting from the series of transactions made the subject of The Lawsuit and any and all actual and alleged injuries and damages resulting, whether directly or indirectly, from such transactions. Since Kevin B. Halter, Sr. hereby warrants and affirms that all such claims are Pam Halter's separate property and he holds no such claims, it is expressly understood and agreed that this Release completely and totally releases any and all claims the Halters have, could have or may claim to have in the future against the Released Parties arising out of or relating to the Lawsuit, including but not limited to claims of breach of fiduciary duty, unjust enrichment, breach of contract, breach of the duty of good faith and fair dealing, violation of any state or federal statutory provision (including, but not limited to the Tex. Bus. Orgs. Code § 21.561(b), failure to investigate, negligence, negligence per se, gross negligence, strict liability, intentional tort, fraud, or breach of any other statutory, contractual, common law, or other duties of any type or nature whatsoever on the part of Released Parties, and any actual or compensatory damages, special damages, punitive damages, mental anguish, attorneys' fees, and any other damages or expenses arising out of or in any way connected to the facts, incidents, transactions, omissions and occurrences giving rise to the Lawsuit, and/or any other matter directly or indirectly arising from or in any other way related to the acts or omissions of any Party to this Agreement, whether or not now known or asserted by the Halters. The releases contained in this Agreement do not and are not intended to release any rights or obligations of the Parties created by this Agreement.

2.     **Settlement Payment.** In consideration of the releases and agreements set forth in this Agreement, the Released Parties agree to pay and deliver to Pam Halter, on or before June 9, 2014, an aggregate settlement amount of $85,000.00 (EIGHTY FIVE THOUSAND AND 00/100 DOLLARS) (the "Settlement Amount") to fully and finally settle the claims and causes of action which are asserted against Released Parties in The Lawsuit or which could have been asserted against the Released Parties surrounding the transactions at issue in The Lawsuit. The Parties acknowledge the adequacy of this consideration and hereby waive any right or ability to contest the adequacy of the consideration.

000024

3. **Dismissal of the Lawsuit With Prejudice.** Pam Halter, individually and derivatively on behalf of nominal defendant Bonamour Pacific Inc., and Nathan Halsey and Bonamour agree to file a Joint Dismissal with Prejudice as to all Claims filed in The Lawsuit within one (1) day of the tender of the Settlement Amount by Released Parties.

4. **No Filing of Other Claims.**

The Parties represent and covenant that neither themselves, nor any person or entity acting on their behalf will claim or file, or cause or permit to be filed, any action for damages or other relief against any other Party involving any matter related to those released herein. Nothing in this paragraph shall constitute a waiver of any of the Parties' rights to file a claim to enforce the terms of this Agreement.

5. **No Admission of Liability.**

Neither this Agreement and Release, nor anything contained herein, shall be construed as an admission by any Party that they have in any respect breached any obligation to any of the other Parties. No Party will claim to be the prevailing party to any degree or extent, nor will this Agreement and Release or its terms be admissible in any proceedings other than a proceeding for breach of the terms contained herein, except as otherwise required by law or court order.

6. **Attorneys' Fees and Costs.**

Each Party to this Agreement and Release acknowledges and agrees that it is responsible for its own attorneys' fees, litigation expenses, and costs of court with respect to the claims released between the Parties.

7. **Confidentiality.**

The Parties agree that they shall keep the terms of this settlement confidential, and that they will not disclose, directly or indirectly, specifically or generally, such terms to third persons except as provided herein or except as otherwise required by law, including applicable securities laws, subpoena, or court order. On the condition that the persons receiving such information agree to maintain its confidentiality, each Party may disclose the terms of this Agreement and Release to its owners and executive level employees with a business need to know such information, and to their attorneys, financial advisors and accountants. Notwithstanding this confidentiality provision, the Parties may publicly disclose the releases recited above and that they have settled their differences. Disclosure of the mere existence of this Agreement shall not constitute a breach of this provision.

The Parties agree that the confidentiality provision herein is a material component of this settlement agreement, and that a breach of this provision may cause immediate and irreparable harm.

000025

## 8.  Entire Agreement.

This Agreement and Release may not be modified, altered or changed except by a written agreement signed by the Parties hereto.  The Parties acknowledge that this document constitutes the entire agreement between them superseding all prior written and oral agreements.  If any provision of this Agreement and Release is held to be invalid, the remaining provisions shall not be affected.

9.  **Entire Consideration.**  The Parties acknowledge that the provisions of this Agreement provide mutually sufficient consideration for any and all rights, duties, or obligations created herein.  The Parties further acknowledge that they have made no agreement or promise to do or omit to do any act or thing not set forth in this Agreement.  It is agreed that this Agreement is given solely upon the consideration herein expressed and is not an express or implied admission of misconduct, responsibility or liability of Halsey, Bonamour or of anyone else, and that Halsey and Bonamour expressly and specifically deny all such claims.  The releases contained in this Agreement do not and are not intended to release any rights or obligations of the Parties created by this Agreement.

## 10.  Warranties, Representations, and Interpretation.

Each signatory hereto warrants and represents that he or she has the authority to bind the party/ies for whom that signatory acts.

Each Party warrants and represents that the claims, suits, rights and/or interests which are the subject of this Settlement Agreement and Release (the "Claims") are owned by the Party that has asserted the Claims, and the Claims have not been assigned, transferred, sold or encumbered.

Each Party hereto acknowledges that in entering into this Settlement and Release Agreement, it has had the opportunity to consult with, and has consulted with, counsel of its choice as to the meaning and effect of this agreement.

In interpreting this Settlement Agreement and Release, words are to be given their ordinary and plain meanings, the masculine includes the feminine, and in the event of any ambiguity, the agreement should be construed in a manner to provide the fullest possible release and discharge of claims between the Parties.

Each of the Parties acknowledges that it has had full opportunity to review, revise and suggest changes to this agreement, and that this agreement is the product of each sides arms' length negotiation and draftsmanship.  Accordingly, each of the Parties acknowledges that in the event of a dispute over the meaning of any provision herein, this agreement shall not be construed "for" or "against" any party, but instead in light of the mutual intent to finally resolve disputes between the Parties.

000026

## 11. Governing Law and Venue.

This Agreement and Release shall be governed by the laws of the State of Texas. The parties also agree that the state and federal courts with jurisdiction in Dallas County, Texas shall have personal jurisdiction over them to hear all disputes arising under this Agreement and Release and that venue shall lie in Dallas County or the federal district covering Dallas County for all purposes.

## 12. No Reliance on Representations or Assumed Facts.

THE PARTIES ALSO ACKNOWLEDGE THE CONTESTED AND ADVERSARIAL NATURE OF THE LITIGATION AND UNDERLYING DISPUTE, AND STIPULATE THAT IN EXECUTING THIS AGREMENT THEY ARE NOT RELYING ON ANY REPRESENTATION BY ANY OTHER PARTY OR ITS (OR HIS) EMPLOYEES, AGENTS, REPRESENTATIVES, OR ATTORNEYS WITH REGARD TO (1) FACTS UNDERLYING THE LITIGATION, (2) THE SUBJECT MATTER OR EFFECT OF THIS AGREEMENT, AND (3) ANY OTHER FACTS OR ISSUES THAT MIGHT BE DEEMED MATERIAL TO THE DECISION TO ENTER INTO THIS AGREEMENT, *OTHER THAN* AS SPECIFICALLY SET FORTH IN THIS AGREEMENT.

## 13. Severability.

If any term, provision, covenant, or condition of this Agreement is held by a court of competent jurisdiction to be illegal, invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired, invalidated, or voided.

## 14. No Waiver.

The failure of any of the Parties to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, nor in any way affect the validity of this Agreement or any part thereof or any right of any person thereafter to enforce each and every provision. No waiver of any breach of this Agreement shall be held to constitute a waiver of any other breach.

## 15. Section Numbers and Headings.

Section numbers and section titles have been set forth herein for convenience only, and shall not be construed to limit or extend the meaning or interpretation of any part of this Agreement.

## 16. Taxes.

The Parties understand and agree that none of the Parties or their attorneys have made any representations or warranties regarding the taxability or non-taxability of any of the consideration exchanged pursuant to this Agreement.

000023

**17. Survival of Representations and Warranties.**

All representations and warranties set forth in this Agreement shall be deemed continuing and shall survive the Effective Date.

**18. Successors in Interest.**

This Agreement shall inure to the benefit of the Parties, and their respective legal representatives, and permitted assigns.

**19. Execution in Counterparts.**

This Agreement may be signed in any number of counterparts or copies, or on separate signature pages, or by facsimile transmission, which when taken together shall be deemed to be an original and constitute one and the same instrument for all purposes.

IN WITNESS WHEREOF, the Parties hereto have set their hands effective as of the date specified above.

ACCEPTED AND AGREED:

PAM HALTER

_Pam Halter_
Date: _6-2-14_

KEVIN B. HALTER, SR.

_[signature]_
Date: _6-2-14_

NATHAN HALSEY

Date:_____

BONAMOUR PACIFIC, INC.

By:_____
Date:_____

000028

17. **Survival of Representations and Warranties.**

All representations and warranties set forth in this Agreement shall be deemed continuing and shall survive the Effective Date.

18. **Successors in Interest.**

This Agreement shall inure to the benefit of the Parties, and their respective legal representatives, and permitted assigns.

19. **Execution in Counterparts.**

This Agreement may be signed in any number of counterparts or copies, or on separate signature pages, or by facsimile transmission, which when taken together shall be deemed to be an original and constitute one and the same instrument for all purposes.

IN WITNESS WHEREOF, the Parties hereto have set their hands, effective as of the date specified above.

ACCEPTED AND AGREED:

PAM HALTER

Date:

KEVIN D. HALTER, SR.

Date:

NATHAN HALSEY

Date: _____

BONAMOUR PACIFIC, INC.

By: _____
Date: _____

# TAB 2



Direct Dial 214.855.75435
droussien@munsch.com

August 22, 2014

Zach T. Mayer                                                    Via E-Mail
Sara J. Krumholz
Kane Russell Coleman & Logan, PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201

Re:     Cause No. DC-12-12868-I; *Pam J. Halter v. Nathan Halsey, et al*

Dear Counsel:

Since your clients' breach of the settlement agreement, we have been advised on a number of occasions to expect payment of the settlement amount before trial, at the latest. Trial is now upon us, and we have yet to receive payment.

As the breach persisted, we have become increasing concerned that Mr. Halsey had no intention of ever performing the agreement. We learned first that he had suffered a large adverse judgment just prior to his signing of the final form of the settlement agreement. This raised a serious question as to why he signed the agreement at all. We next discovered a second unpaid judgment. Then we discovered two pauper's affidavits. These affidavits were, of course, difficult to credit, since it appears that Mr. Halsey owns a substantial home, rents an even larger one, enjoys a lake house, outfitted with an expensive boat, and has supposedly been widely successful in all manner of businesses, if his SEC filings and various company websites are to be believed.

Regardless, in the end, we found ourselves a week out from trial with no payment having been made. We therefore amended our pleadings to include a claim for breach of the settlement agreement. We also took stock of our losses in having been deceived into a four-month delay while other creditors moved forward, having drawn up a meaningless settlement agreement, having had to investigate the reasons for its breach, and having now had to prepare once again for trial.

After considering our rather bleak alternatives, we have reluctantly concluded that the simplest course of action at this stage would be to obtain a judgment based upon the breached settlement agreement, together with such attorneys' fees as may be appropriate under the circumstances. We also believe that we have the right to pursue an alternative award based upon our original claims. However, in order to avoid a trial, we are willing to accept a judgment for $85,000, together with reasonable attorneys' fees incurred as a result of the breach, as agreed by the parties or as set by the Court.



PLAINTIFF'S
EXHIBIT

00003

This offer of an agreed judgment will remain open until next Tuesday at close of business or until the case is called to trial, whichever is earlier. Please advise.

With regard to attorneys' fees, we are obviously continuing to incur those fees, and so the amount of those fees will depend upon whether your clients will agree to a judgment, and will make reasonable efforts to reach an appropriate figure. One measure of such fees is the one-third contingent fee agreement that we have with our client. Alternatively, we would be willing to seek to determine a figure based upon the hours that our firm alone has incurred as a result of the breach. Attached for your reference, and in supplementation of our exhibit list, are statements showing the hours worked, just by our firm, for the months since the exhibit tendered in the run-up to the April trial setting. These are current through close of business yesterday.

Respectfully,

Dennis L. Roossien, Jr.

c:      Andrew B. Sommerman

00032



**MUNSCH HARDT KOPF & HARR** PC
ATTORNEYS & COUNSELORS

DALLAS | HOUSTON | AUSTIN

3800 Lincoln Plaza
500 N. Akard Street
Dallas. Texas 75201-6659
Main 214.855 7500
Fax 214.855.7584
munsch.com

Pam Halter
1126 Whispering Oaks Drive
DeSoto, TX 75115

| | |
|---|---|
| Invoice Date: | February 19, 2014 |
| File No. | 013271.00001 |
| Invoice No. | 10299397 |

Matter Description: BONAMOUR

Total Fees for Services Rendered through February 15, 2014 ......................$17,425.00

Total Disbursements ................................................................................$11.49

**Total Amount Due This Invoice**............................................................**$17,436.49**

     Previous Balance Due ...........................................................$64,150.05

     **Grand Total Due** ................................................................**$81,586.54**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, 3800 Lincoln Plaza
Dallas, TX 75201

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198.

00038

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10299397
Matter Description: BONAMOUR

Page 2 of 6
February 19, 2014

## FEE DETAIL

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 1/16/14 | UFU | Correspondence with client regarding case; Work on trial documents. | 2.10 | 567.00 |
| 1/17/14 | UFU | Correspondence with client regarding case; Work on trial documents. | 1.90 | 513.00 |
| 1/17/14 | DLR | Review and forward scheduling order; calendar key dates. | 0.10 | 40.00 |
| 1/22/14 | DLR | Receive update from Mr. Umana and provide requested direction; review client response on rescheduling request and suggest alternatives to Mr. Umana; continue to direct Mr. Umana. | 0.30 | 120.00 |
| 1/22/14 | UFU | Correspondence with client regarding deposition date; Correspondence with opposing counsel regarding the same. | 0.60 | 162.00 |
| 1/24/14 | DLR | Review and consider request for client deposition; direct Mr. Umana regarding response to same. | 0.10 | 40.00 |
| 1/27/14 | UFU | Prepare for upcoming deposition; Review relevant sec filings; Review relevant documents; Prepare deposition outline. | 5.80 | 1566.00 |
| 1/28/14 | UFU | Prepare for upcoming deposition. | 6.80 | 1836.00 |
| 1/29/14 | UFU | Conduct depo preparation of; Prepare for upcoming deposition. | 6.20 | 1674.00 |
| 1/29/14 | DLR | Assist witness preparation. | 0.70 | 280.00 |
| 1/30/14 | UFU | Continue depo preparation of Mr. Halter; Defend deposition; Conference with Mr. Halter; Conference with opposing counsel; Correspondence to Mr. Roossien regarding deposition. | 8.90 | 2403.00 |
| 2/3/14 | DLR | Work with Mr. Umana on preparation of pre-trial materials; confer with same regarding recent developments and case evaluation; confer with client regarding same. | 0.80 | 320.00 |
| 2/3/14 | UFU | Work on exhibit/witness list. | 3.20 | 864.00 |
| 2/4/14 | UFU | Work on exhibit/witness list. | 1.20 | 324.00 |
| 2/5/14 | DLR | Confer with Mr. Umana regarding draft | 0.10 | 40.00 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10299397
Matter Description: BONAMOUR

Page 3 of 6
February 19, 2014

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | correspondence to client; forward same. | | |
| 2/6/14 | DLR | Receive update on motion for continuance. | 0.10 | 40.00 |
| 2/7/14 | DLR | Review and evaluation motion for continuance; receive update regarding client position on same; further consideration of case evaluation in light of developments; consultation with Mr. McGee regarding same; consultation with Mr. Sommerman regarding same; follow-up with client to schedule meeting; review draft witness and exhibit list; review exhibits; revise same; correspondence to client regarding same; update pretrial task list. | 3.00 | 1200.00 |
| 2/10/14 | DLR | Review and consider client comments to draft exhibit list; preparation for client meeting; review and calendar hearing notice. | 0.30 | 120.00 |
| 2/11/14 | DLR | Continue preparation of exhibits; continue preparation for and attend client meeting; conduct supplemental research; various follow-up correspondence with client. | 8.90 | 3560.00 |
| 2/11/14 | LCD | Meeting with D. Roossien regarding upcoming trial; review documents in anticipation of use in exhibit list. | 1.10 | 363.00 |
| 2/12/14 | DLR | Review correspondence from client; confer with co-counsel to evaluate additional potential exhibits; review and consider inquiry from opposing counsel; further conference with client regarding additional exhibits and follow-up investigation to be conducted in light of same. | 2.20 | 880.00 |
| 2/13/14 | DLR | Review update from client on research efforts; confirm inclusion of exhibit; respond to client correspondence; telephone conference with opposing counsel regarding deadlines, continuance compromise, and settlement; review update from opposing counsel; coordinate with co-counsel; exchange further correspondence with client. | 0.90 | 360.00 |
| 2/14/14 | DLR | Attention to Rule 11 agreement; work on resolving motion for continuance. | 0.30 | 120.00 |
| 2/14/14 | LCD | Coordinate new trial date. | 0.10 | 33.00 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10299397
Matter Description: BONAMOUR

Page 4 of 6
February 19, 2014

Total Hours: ...................................... 55.70

Total Fees: ...................................... $17,425.00

## TIMEKEEPER SUMMARY

| Title | Timekeeper Name | Init | Rate | Hours | Total |
|---|---|---|---|---|---|
| Shareholder | Roossien, Dennis | DLR | 400.00 | 17.80 | $7,120.00 |
| Associate | Dearing, Lea C. | LCD | 330.00 | 1.20 | $396.00 |
| | Umana, Ufot F. | UFU | 270.00 | 36.70 | $9,909.00 |
| | | | Total | 55.70 | $17,425.00 |

## DISBURSEMENTS SUMMARY

Postage ...................................... $11.49

**Total Disbursements:** $11.49

## PREVIOUS BALANCE DETAIL

| Bill Date | Inv. # | Amount | Payment | Balance |
|---|---|---|---|---|
| 09/21/12 | 10274780 | $5,448.05 | $0.00 | $5,448.05 |
| 11/17/12 | 10277342 | $3,695.97 | $0.00 | $3,695.97 |
| 12/21/12 | 10279242 | $1,839.94 | $0.00 | $1,839.94 |
| 01/31/13 | 10281244 | $492.00 | $0.00 | $492.00 |
| 02/19/13 | 10281610 | $960.00 | $0.00 | $960.00 |
| 03/21/13 | 10283175 | $80.00 | $0.00 | $80.00 |
| 04/17/13 | 10284631 | $120.00 | $0.00 | $120.00 |
| 06/13/13 | 10287467 | $432.00 | $0.00 | $432.00 |
| 06/18/13 | 10287664 | $456.00 | $0.00 | $456.00 |
| 08/21/13 | 10290732 | $80.00 | $0.00 | $80.00 |
| 09/26/13 | 10292815 | $1,040.00 | $0.00 | $1,040.00 |
| 10/22/13 | 10294070 | $5,568.92 | $0.00 | $5,568.92 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10299397
Matter Description: BONAMOUR

Page 5 of 6
February 19, 2014

| Bill Date | Inv. # | Amount | Payment | Balance |
|---|---|---|---|---|
| 11/23/13 | 10296214 | $29,378.52 | $0.00 | $29,378.52 |
| 12/18/13 | 10296878 | $8,084.65 | $0.00 | $8,084.65 |
| 01/17/14 | 10298090 | $6,474.00 | $0.00 | $6,474.00 |
| | | Previous | Balance: | $64,150.05 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10299397
Matter Description: BONAMOUR

Page 6 of 6
February 19, 2014

## PLEASE RETURN THIS PAGE WITH PAYMENT

Total Fees for Services Rendered through February 15, 2014 ......................$17,425.00

Total Disbursements ...............................................................................$11.49

**Total Amount Due This Invoice**...............................................................**$17,436.49**

      Previous Balance Due.................................................................$64,150.05

      **Grand Total Due** ........................................................................$81,586.54

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, 3800 Lincoln Plaza
Dallas, TX 75201

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198**



**MUNSCH HARDT**
**KOPF & HARR** PC
ATTORNEYS & COUNSELORS

DALLAS | HOUSTON | AUSTIN

3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Main 214.855 7500
Fax 214.855.7584
munsch com

Pam Halter
1126 Whispering Oaks Drive
DeSoto, TX 75115

| | |
|---|---|
| Invoice Date: | March 19, 2014 |
| File No. | 013271.00001 |
| Invoice No. | 10300698 |

Matter Description: BONAMOUR

Total Fees for Services Rendered through March 15, 2014 ........................... $2,640.00

Total Disbursements ....................................................................................... $26.85

**Total Amount Due This Invoice** ................................................................ **$2,666.85**

    Previous Balance Due ................................................................. $81,586.54

    **Grand Total Due** .................................................................... **$84,253.39**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, 3800 Lincoln Plaza
Dallas, TX 75201

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198.**

00039

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10300698
Matter Description: BONAMOUR

Page 2 of 5
March 19, 2014

## FEE DETAIL

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 2/17/14 | DLR | Review correspondence from client with additional exhibits; additional investigation related to same; confer with client regarding final additions to exhibit list; direct expansion, final preparation and service of same; various communications regarding continuance; execute and return agreed motion; attend telephone conference regarding continuance. | 1.40 | 560.00 |
| 2/18/14 | DLR | Attention to service of exhibits; attention to motion for continuance; update client and calendar; exchange correspondence with opposing counsel regarding other pretrial deadlines. | 0.40 | 160.00 |
| 2/20/14 | DLR | Review update from client regarding results of investigation; review exhibits; correspondence to opposing counsel regarding meet and confer on same per court order. | 0.50 | 200.00 |
| 2/21/14 | DLR | Attention to Rule 11 agreement; review investigative reports from client; supplemental research into issues raised in same; update calendar in view of Rule 11 agreements; circulate recent pleadings to client and co-counsel. | 1.10 | 440.00 |
| 3/6/14 | DLR | Review materials forwarded by client; exchange correspondence with same. | 0.20 | 80.00 |
| 3/7/14 | DLR | Exchange correspondence with client. | 0.10 | 40.00 |
| 3/13/14 | DLR | Review client correspondence; consider client request; memorandum to client regarding same. | 2.10 | 840.00 |
| 3/14/14 | DLR | Review and consider further client correspondence; investigation of alternatives. | 0.80 | 320.00 |

Total Hours: .........................................6.60

Total Fees: ...............................................$2,640.00

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10300698
Matter Description: BONAMOUR

Page 3 of 5
March 19, 2014

## TIMEKEEPER SUMMARY

| Title | Timekeeper Name | Init | Rate | Hours | Total |
|---|---|---|---|---|---|
| Shareholder | Roossien, Dennis | DLR | 400.00 | 6.60 | $2,640.00 |
| | | | Total | 6.60 | $2,640.00 |

## DISBURSEMENTS SUMMARY

Postage.................................................................................................$7.35
Overtime...............................................................................................$7.50
Parking/cab/mileage...........................................................................$12.00

**Total Disbursements:**                                      **$26.85**

## PREVIOUS BALANCE DETAIL

| Bill Date | Inv. # | Amount | Payment | Balance |
|---|---|---|---|---|
| 09/21/12 | 10274780 | $5,448.05 | $0.00 | $5,448.05 |
| 11/17/12 | 10277342 | $3,695.97 | $0.00 | $3,695.97 |
| 12/21/12 | 10279242 | $1,839.94 | $0.00 | $1,839.94 |
| 01/31/13 | 10281244 | $492.00 | $0.00 | $492.00 |
| 02/19/13 | 10281610 | $960.00 | $0.00 | $960.00 |
| 03/21/13 | 10283175 | $80.00 | $0.00 | $80.00 |
| 04/17/13 | 10284631 | $120.00 | $0.00 | $120.00 |
| 06/13/13 | 10287467 | $432.00 | $0.00 | $432.00 |
| 06/18/13 | 10287664 | $456.00 | $0.00 | $456.00 |
| 08/21/13 | 10290732 | $80.00 | $0.00 | $80.00 |
| 09/26/13 | 10292815 | $1,040.00 | $0.00 | $1,040.00 |
| 10/22/13 | 10294070 | $5,568.92 | $0.00 | $5,568.92 |
| 11/23/13 | 10296214 | $29,378.52 | $0.00 | $29,378.52 |
| 12/18/13 | 10296878 | $8,084.65 | $0.00 | $8,084.65 |
| 01/17/14 | 10298090 | $6,474.00 | $0.00 | $6,474.00 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10300698
Matter Description: BONAMOUR

Page 4 of 5
March 19, 2014

| Bill Date | Inv. # | Amount | Payment | Balance |
|-----------|--------|--------|---------|---------|
| 02/19/14 | 10299397 | $17,436.49 | $0.00 | $17,436.49 |
| | | Previous | Balance: | $81,586.54 |

Munsch Hardt Kopf & Harr. P.C.
File No. 013271.00001
Invoice No. 10300698
Matter Description: BONAMOUR

Page 5 of 5
March 19, 2014

## PLEASE RETURN THIS PAGE WITH PAYMENT

Total Fees for Services Rendered through March 15, 2014 ...........................$2,640.00

Total Disbursements ...................................................................................$26.85

**Total Amount Due This Invoice**...............................................................**$2,666.85**

      Previous Balance Due.................................................................$81,586.54

      **Grand Total Due**.......................................................................**$84,253.39**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, 3800 Lincoln Plaza
Dallas, TX 75201

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198**



**MUNSCH HARDT
KOPF & HARR** PC
ATTORNEYS & COUNSELORS

DALLAS | HOUSTON | AUSTIN

3800 Lincoln Plaza
500 N. Akard Street
Dallas. Texas 75201-6659
Main 214 855 7500
Fax 214 855 7584
munsch com

Pam Halter
1126 Whispering Oaks Drive
DeSoto, TX 75115

| | |
|---|---|
| Invoice Date: | April 30, 2014 |
| File No. | 013271.00001 |
| Invoice No. | 10303178 |

Matter Description: BONAMOUR

Total Fees for Services Rendered through April 15, 2014 ............................$8,545.00

Total Disbursements ............................................................................$14.00

**Total Amount Due This Invoice**..............................................................**$8,559.00**

       Previous Balance Due ...............................................................$84,253.39

       **Grand Total Due** ...................................................................**$92,812.39**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, 3800 Lincoln Plaza
Dallas, TX 75201

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198.**

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10303178
Matter Description: BONAMOUR

Page 2 of 5
April 30, 2014

## FEE DETAIL

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 3/17/14 | DLR | Further consideration of alternative courses of action. | 0.90 | 360.00 |
| 3/18/14 | DLR | Follow-up with client. | 0.10 | 40.00 |
| 3/21/14 | DLR | Telephone conference with client regarding status and proposed course of action; confer with Ms. Dearing regarding same. | 0.70 | 280.00 |
| 3/26/14 | DLR | Coordinate witness preparation meeting. | 0.10 | 40.00 |
| 4/9/14 | DLR | Direct preparation of charge and provide necessary materials to Ms. Dearing; outline motion in limine; memorandum to Ms. Dearing directing preparation of same and providing certain exhibits; prepare final trial preparation checklist and memorandum to Ms. Dearing regarding same. | 1.60 | 640.00 |
| 4/9/14 | LCD | Begin work on pretrial materials. | 3.00 | 990.00 |
| 4/10/14 | DLR | Review inquiry regarding extension of deadline; consider same; direct Ms. Dearing regarding response. | 0.20 | 80.00 |
| 4/11/14 | DLR | Draft proof outline; circulate same to co-counsel for comment; research regarding key evidentiary and legal issues; preparation of trial briefs; preparation of witness outline. | 7.30 | 2920.00 |
| 4/14/14 | DLR | Preparation for and attend meetings with witness and co-counsel. | 4.80 | 1920.00 |
| 4/14/14 | LCD | Attend witness preparation session and strategy meeting; continue work on pretrial matters. | 3.50 | 1155.00 |
| 4/15/14 | DLR | Receive update confirming counsel meeting; work on determination of order of witnesses. | 0.30 | 120.00 |

Total Hours:.........................................22.50

Total Fees: ............................................................$8,545.00

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10303178
Matter Description: BONAMOUR

Page 3 of 5
April 30, 2014

## TIMEKEEPER SUMMARY

| Title | Timekeeper Name | Init | Rate | Hours | Total |
|---|---|---|---|---|---|
| Shareholder | Roossien, Dennis | DLR | 400.00 | 16.00 | $6,400.00 |
| Associate | Dearing, Lea C. | LCD | 330.00 | 6.50 | $2,145.00 |
| | | | Total | 22.50 | $8,545.00 |

## DISBURSEMENTS SUMMARY

Search.......................................................................................$14.00

Total Disbursements:                                    $14.00

## PREVIOUS BALANCE DETAIL

| Bill Date | Inv. # | Amount | Payment | Balance |
|---|---|---|---|---|
| 09/21/12 | 10274780 | $5,448.05 | $0.00 | $5,448.05 |
| 11/17/12 | 10277342 | $3,695.97 | $0.00 | $3,695.97 |
| 12/21/12 | 10279242 | $1,839.94 | $0.00 | $1,839.94 |
| 01/31/13 | 10281244 | $492.00 | $0.00 | $492.00 |
| 02/19/13 | 10281610 | $960.00 | $0.00 | $960.00 |
| 03/21/13 | 10283175 | $80.00 | $0.00 | $80.00 |
| 04/17/13 | 10284631 | $120.00 | $0.00 | $120.00 |
| 06/13/13 | 10287467 | $432.00 | $0.00 | $432.00 |
| 06/18/13 | 10287664 | $456.00 | $0.00 | $456.00 |
| 08/21/13 | 10290732 | $80.00 | $0.00 | $80.00 |
| 09/26/13 | 10292815 | $1,040.00 | $0.00 | $1,040.00 |
| 10/22/13 | 10294070 | $5,568.92 | $0.00 | $5,568.92 |
| 11/23/13 | 10296214 | $29,378.52 | $0.00 | $29,378.52 |
| 12/18/13 | 10296878 | $8,084.65 | $0.00 | $8,084.65 |
| 01/17/14 | 10298090 | $6,474.00 | $0.00 | $6,474.00 |
| 02/19/14 | 10299397 | $17,436.49 | $0.00 | $17,436.49 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10303178
Matter Description: BONAMOUR

Page 4 of 5
April 30, 2014

| Bill Date | Inv. # | Amount | Payment | Balance |
|-----------|--------|--------|---------|---------|
| 03/19/14 | 10300698 | $2,666.85 | $0.00 | $2,666.85 |
| | | Previous | Balance: | $84,253.39 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10303178
Matter Description: BONAMOUR

Page 5 of 5
April 30, 2014

## PLEASE RETURN THIS PAGE WITH PAYMENT

Total Fees for Services Rendered through April 15, 2014 ............................$8,545.00

Total Disbursements ..........................................................................................$14.00

**Total Amount Due This Invoice**................................................................**$8,559.00**

      Previous Balance Due..........................................................................$84,253.39

      **Grand Total Due** ...............................................................................**$92,812.39**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, 3800 Lincoln Plaza
Dallas, TX 75201

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198**

**⊀ MUNSCH HARDT**
**⊿ KOPF & HARR** PC
ATTORNEYS & COUNSELORS
DALLAS | HOUSTON | AUSTIN

500 N Akard Street
Suite 3800
Dallas, Texas 75201-6659
Main 214 855.7500
Fax 214.855.7584
munsch.com

Pam Halter
1126 Whispering Oaks Drive
DeSoto, TX 75115

| | |
|---|---|
| Invoice Date: | August 22, 2014 |
| File No. | 013271.00001 |
| Invoice No. | 10308682 |

Matter Description: BONAMOUR

Total Fees for Services Rendered through April 30, 2014 ...........................$17,910.00

Total Disbursements ...............................................................................$135.11

**Total Amount Due This Invoice**..............................................................**$18,045.11**

     Previous Balance Due.................................................................$92,812.39

     **Grand Total Due**...................................................................**$110,857.50**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, TX 75201-6659

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198.**

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308682
Matter Description: BONAMOUR

Page 2 of 6
August 22, 2014

## FEE DETAIL

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 4/16/14 | DLR | Receive update from Ms. Dearing regarding meeting on exhibits; direct same regarding next steps to prepare for trial. | 0.20 | 80.00 |
| 4/16/14 | LCD | Prepare for and attend meet and confer on exhibits wiht opposing counsel; continue work on other pretrial materials. | 4.00 | 1320.00 |
| 4/17/14 | DLR | Review notes and update task list; follow-up with Ms. Dearing regarding motion in limine. | 0.30 | 120.00 |
| 4/18/14 | DLR | Confer with Ms. Dearing regarding motion in limine; review demonstrative exhibit; update pleadings board and exhibit sets. | 0.30 | 120.00 |
| 4/18/14 | LCD | Trial preparation. | 3.00 | 990.00 |
| 4/21/14 | DLR | Review and respond to client inquiry; review and comment on draft motion in limine; evaluate possible additional pretrial motions and confer with Ms. Dearing regarding same; review opposing motion in limine; confer with co-counsel regarding trial setting; confer with client regarding status and proposed course of action. | 0.60 | 240.00 |
| 4/21/14 | LCD | Prepare Motion in Limine and Coordinate same with D. Roossein. | 4.00 | 1320.00 |
| 4/22/14 | DLR | Review client memorandum regarding trial outline and witnesses; confer with Mr. Sommerman regarding same; preparation for follow-up call with client regarding trial strategy. | 0.60 | 240.00 |
| 4/23/14 | DLR | Review correspondence from opposing counsel; confer with client regarding trial strategy and next steps; confer with Ms. Dearing regarding preparing Ms. Halter to testify; memorandum to file regarding client conversation; confer with Ms. Dearing regarding status of charge preparation. | 1.10 | 440.00 |
| 4/23/14 | LCD | Continue work on Jury Charge and other pretrial items; review ammended pleadings. | 4.00 | 1320.00 |
| 4/24/14 | LCD | Prepare and file jury charge; review Ds pretrial filings. | 5.00 | 1650.00 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308682
Matter Description: BONAMOUR

Page 3 of 6
August 22, 2014

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 4/24/14 | DLR | Review update regarding late filed amended pleading; memorandum to Ms. Dearing regarding comparison of same; direct Ms. Dearing to make announcement regarding readiness for trial; assist preparation of jury charge; review defense filings relative to pretrial matters; review defendants' proposed charge. | 2.50 | 1000.00 |
| 4/25/14 | DLR | Consideration of possible opposing jury questions; preparation of cross-examinations of defendant's witnesses; work with Pam Halter and Kevin Halter in preparation for their testimony. | 5.60 | 2240.00 |
| 4/25/14 | LCD | Witness preparation and meetings and other trial preparation. | 7.00 | 2310.00 |
| 4/28/14 | DLR | Preparation of voir dire outline; determine status of other cases ahead in trial queue; coordinate with co-counsel regarding trial preparation; keep client updated; assist preparation of objections to Defendants' proposed jury charge and alternative proposed questions; work with co-counsel and client on evaluating and adjusting for scheduling conflicts presented by opposing counsel; evaluate alternatives and direct Ms. Dearing regarding follow-up with opposing counsel and Court; settlement discussions with opposing counsel and client; continue preparation of cross-examination of opposing counsel; draft portions of pretrial submission to Court regarding exhibits. | 7.80 | 3120.00 |
| 4/29/14 | DLR | Confer with Ms. Dearing regarding open tasks; confer with opposing counsel regarding settlement; confer with co-counsel regarding settlement and witness preparation meeting; further conferences with opposing counsel regarding settlement; conferences with client regarding same. | 1.40 | 560.00 |
| 4/30/14 | DLR | Confirm agreement with client; negotiate Rule 11 Agreement. | 2.10 | 840.00 |

Total Hours: ........................................49.50

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308682
Matter Description: BONAMOUR

Page 4 of 6
August 22, 2014

Total Fees: ..................................................................$17,910.00

## TIMEKEEPER SUMMARY

| Title | Timekeeper Name | Init | Rate | Hours | Total |
|-------|-----------------|------|------|-------|-------|
| Shareholder | Roossien, Dennis | DLR | 400.00 | 22.50 | $9,000.00 |
| Associate | Dearing, Lea C. | LCD | 330.00 | 27.00 | $8,910.00 |
| | | | Total | 49.50 | $17,910.00 |

## DISBURSEMENTS SUMMARY

Courier Service ..................................................................$15.32
Filing Fee ..................................................................$4.32
Research ..................................................................$115.47

Total Disbursements:                    $135.11

## PREVIOUS BALANCE DETAIL

| Bill Date | Inv. # | Amount | Payment | Balance |
|-----------|--------|--------|---------|---------|
| 09/21/12 | 10274780 | $5,448.05 | $0.00 | $5,448.05 |
| 11/17/12 | 10277342 | $3,695.97 | $0.00 | $3,695.97 |
| 12/21/12 | 10279242 | $1,839.94 | $0.00 | $1,839.94 |
| 01/31/13 | 10281244 | $492.00 | $0.00 | $492.00 |
| 02/19/13 | 10281610 | $960.00 | $0.00 | $960.00 |
| 03/21/13 | 10283175 | $80.00 | $0.00 | $80.00 |
| 04/17/13 | 10284631 | $120.00 | $0.00 | $120.00 |
| 06/13/13 | 10287467 | $432.00 | $0.00 | $432.00 |
| 06/18/13 | 10287664 | $456.00 | $0.00 | $456.00 |
| 08/21/13 | 10290732 | $80.00 | $0.00 | $80.00 |
| 09/26/13 | 10292815 | $1,040.00 | $0.00 | $1,040.00 |
| 10/22/13 | 10294070 | $5,568.92 | $0.00 | $5,568.92 |
| 11/23/13 | 10296214 | $29,378.52 | $0.00 | $29,378.52 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308682
Matter Description: BONAMOUR

Page 5 of 6
August 22, 2014

| Bill Date | Inv. # | Amount | Payment | Balance |
|---|---|---|---|---|
| 12/18/13 | 10296878 | $8,084.65 | $0.00 | $8,084.65 |
| 01/17/14 | 10298090 | $6,474.00 | $0.00 | $6,474.00 |
| 02/19/14 | 10299397 | $17,436.49 | $0.00 | $17,436.49 |
| 03/19/14 | 10300698 | $2,666.85 | $0.00 | $2,666.85 |
| 04/30/14 | 10303178 | $8,559.00 | $0.00 | $8,559.00 |
| | | Previous | Balance: | $92,812.39 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308682
Matter Description: BONAMOUR

Page 6 of 6
August 22, 2014

## PLEASE RETURN THIS PAGE WITH PAYMENT

Total Fees for Services Rendered through April 30, 2014 ............................$17,910.00

Total Disbursements ...........................................................................................$135.11

**Total Amount Due This Invoice**.............................................................**$18,045.11**

     Previous Balance Due.........................................................................$92,812.39

     **Grand Total Due** ...........................................................................**$110,857.50**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, TX 75201-6659

File Number and Invoice Number Required.

**Federal ID Number: 75-2096964**

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198**

# ⅂ MUNSCH HARDT
# ⅃ ⊿ KOPF & HARR PC

ATTORNEYS & COUNSELORS

DALLAS | HOUSTON | AUSTIN

500 N. Akard Street
Suite 3800
Dallas, Texas 75201-6659
Main 214 855 7500
Fax 214.855.7584
munsch.com

Pam Halter
1126 Whispering Oaks Drive
DeSoto, TX 75115

| | |
|---|---|
| Invoice Date: | August 22, 2014 |
| File No. | 013271.00001 |
| Invoice No. | 10308683 |

Matter Description: BONAMOUR

Total Fees for Services Rendered through June 9, 2014 ................................$1,800.00

Total Disbursements ......................................................................................$2.16

**Total Amount Due This Invoice**...............................................................**$1,802.16**

      Previous Balance Due ................................................................$110,857.50

      **Grand Total Due** .......................................................................**$112,659.66**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, TX 75201-6659

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198.**

00055

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308683
Matter Description: BONAMOUR

Page 2 of 5
August 22, 2014

## FEE DETAIL

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 5/1/14 | DLR | Direct follow-up in light of lack of response from opposing counsel on final comments to Rule 11 agreement. | 0.10 | 40.00 |
| 5/1/14 | DLR | Continue to negotiate Rule 11 Agreement; confer with client regarding same; confer with co-counsel regarding same; attention to execution of same; direct follow-up with Court. | 0.50 | 200.00 |
| 5/2/14 | DLR | Confirm court announcement made. | 0.10 | 40.00 |
| 5/15/14 | DLR | Exchange correspondence with opposing counsel regarding status of promised draft settlement agreement. | 0.20 | 80.00 |
| 5/19/14 | DLR | Continue to follow-up with opposing counsel regarding draft settlement motion. | 0.10 | 40.00 |
| 5/20/14 | DLR | Review response from opposing counsel regarding settlement. | 0.10 | 40.00 |
| 5/23/14 | DLR | Correspondence to opposing counsel regarding improper delay; develop plan in light of same; calendar steps to be taken; review response; draft responsive correspondence and proposed motion; exchange further correspondence regarding motion and hearing; direct filing of motion and setting of hearing. | 1.30 | 520.00 |
| 5/27/14 | DLR | Telephone conference with clerk regarding forthcoming dismissal motion. | 0.10 | 40.00 |
| 5/28/14 | DLR | Review and revise draft settlement papers; various correspondence with counsel relative to same. | 1.20 | 480.00 |
| 5/29/14 | DLR | Review and forward signed order to opposing counsel; review response on changes to draft settlement papers. | 0.20 | 80.00 |
| 6/2/14 | DLR | Correspondence to client regarding approval of final version of settlement; telephone conference with client regarding same; exchange correspondence with opposing counsel regarding final version and execution logistics. | 0.30 | 120.00 |
| 6/9/14 | DLR | Follow-up to determine status of performance of | 0.30 | 120.00 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308683
Matter Description: BONAMOUR

Page 3 of 5
August 22, 2014

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
|      |      | settlement agreement. |       |        |

Total Hours: ...........................................4.50

Total Fees: .......................................................$1,800.00

## TIMEKEEPER SUMMARY

| Title | Timekeeper Name | Init | Rate | Hours | Total |
|-------|----------------|------|------|-------|-------|
| Shareholder | Roossien, Dennis | DLR | 400.00 | 4.50 | $1,800.00 |
|       |                |      | Total | 4.50 | $1,800.00 |

## DISBURSEMENTS SUMMARY

Filing Fee ............................................................................$2.16

Total Disbursements:                                          $2.16

## PREVIOUS BALANCE DETAIL

| Bill Date | Inv. # | Amount | Payment | Balance |
|-----------|--------|--------|---------|---------|
| 09/21/12 | 10274780 | $5,448.05 | $0.00 | $5,448.05 |
| 11/17/12 | 10277342 | $3,695.97 | $0.00 | $3,695.97 |
| 12/21/12 | 10279242 | $1,839.94 | $0.00 | $1,839.94 |
| 01/31/13 | 10281244 | $492.00 | $0.00 | $492.00 |
| 02/19/13 | 10281610 | $960.00 | $0.00 | $960.00 |
| 03/21/13 | 10283175 | $80.00 | $0.00 | $80.00 |
| 04/17/13 | 10284631 | $120.00 | $0.00 | $120.00 |
| 06/13/13 | 10287467 | $432.00 | $0.00 | $432.00 |
| 06/18/13 | 10287664 | $456.00 | $0.00 | $456.00 |
| 08/21/13 | 10290732 | $80.00 | $0.00 | $80.00 |
| 09/26/13 | 10292815 | $1,040.00 | $0.00 | $1,040.00 |
| 10/22/13 | 10294070 | $5,568.92 | $0.00 | $5,568.92 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308683
Matter Description: BONAMOUR

Page 4 of 5
August 22, 2014

| Bill Date | Inv. # | Amount | Payment | Balance |
|---|---|---|---|---|
| 11/23/13 | 10296214 | $29,378.52 | $0.00 | $29,378.52 |
| 12/18/13 | 10296878 | $8,084.65 | $0.00 | $8,084.65 |
| 01/17/14 | 10298090 | $6,474.00 | $0.00 | $6,474.00 |
| 02/19/14 | 10299397 | $17,436.49 | $0.00 | $17,436.49 |
| 03/19/14 | 10300698 | $2,666.85 | $0.00 | $2,666.85 |
| 04/30/14 | 10303178 | $8,559.00 | $0.00 | $8,559.00 |
| 08/22/14 | 10308682 | $18,045.11 | $0.00 | $18,045.11 |
| | | Previous | Balance: | $110,857.50 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308683
Matter Description: BONAMOUR

Page 5 of 5
August 22, 2014

## PLEASE RETURN THIS PAGE WITH PAYMENT

Total Fees for Services Rendered through June 9, 2014 .................................$1,800.00

Total Disbursements ...........................................................................................$2.16

**Total Amount Due This Invoice**...............................................................**$1,802.16**

      Previous Balance Due.................................................................$110,857.50

      **Grand Total Due**.......................................................................**$112,659.66**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, TX 75201-6659

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198**

**⅄ MUNSCH HARDT**
**ᶄ ᶄ KOPF & HARR** PC
ATTORNEYS & COUNSELORS
DALLAS | HOUSTON | AUSTIN

500 N Akard Street
Suite 3800
Dallas, Texas 75201-6659
Main 214.855.7500
Fax 214.855.7584
munsch.com

Pam Halter
1126 Whispering Oaks Drive
DeSoto, TX 75115

| | |
|---|---|
| Invoice Date: | August 22, 2014 |
| File No. | 013271.00001 |
| Invoice No. | 10308684 |

Matter Description: BONAMOUR

Total Fees for Services Rendered through August 20, 2014 ........................$15,280.00

Total Disbursements ...........................................................................$531.96

**Total Amount Due This Invoice**............................................................**$15,811.96**

     Previous Balance Due................................................................$112,659.66

     **Grand Total Due** ......................................................................**$128,471.62**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, TX 75201-6659

File Number and Invoice Number Required.

**Federal ID Number: 75-2096964**

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198.**

00060

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308684
Matter Description: BONAMOUR

Page 2 of 8
August 22, 2014

## FEE DETAIL

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 6/10/14 | DLR | Review correspondence from opposing counsel regarding execution of settlement agreement and lack of timely payment; consideration of appropriate course of action in light of same; confer with client regarding same; draft correspondence to Court regarding submission date. | 2.20 | 880.00 |
| 6/11/14 | DLR | Conferences with client regarding lack of payment and alternatives; confer with Mr. Sommerman regarding same; correspondence to opposing counsel regarding status; attempt to contact opposing counsel regarding possible motion in light of continuing breach; review response from opposing counsel indicating further delay in payment. | 0.70 | 280.00 |
| 6/12/14 | DLR | Confirm lack of cure of breach; draft motion to enforce/reset; correspondence to opposing counsel regarding same; draft affidavit in support of motion; confirm lack of response; telephone conference with coordinator to confirm Court is carrying case and determine status of motion in system; calendar for follow-up to get motion set. | 1.20 | 480.00 |
| 6/13/14 | DLR | Receive update regarding extension of dismissal date; correspondence to client providing update; correspondence to opposing counsel regarding status. | 0.20 | 80.00 |
| 6/16/14 | DLR | Review correspondence from opposing counsel regarding continued assurance and continued delays in payment; telephone conference with clerk regarding setting motion; provide notice of same; update client; provide courtesy copy of motion to Court. | 0.30 | 120.00 |
| 6/18/14 | DLR | Exchange correspondence with client regarding status and proposed course of action. | 0.10 | 40.00 |
| 6/26/14 | DLR | Efforts to contact opposing counsel regarding continued delay and upcoming hearing; correspondence regarding same and again requesting agreement on motion; telephone | 0.30 | 120.00 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308684
Matter Description: BONAMOUR

Page 3 of 8
August 22, 2014

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | conference with opposing counsel regarding same; confer with co-counsel regarding same. | | |
| 6/27/14 | DLR | Review correspondence from opposing counsel regarding possible agreed order; telephone conference with same; confer with client regarding status and proposed course of action. | 0.40 | 160.00 |
| 7/1/14 | DLR | Preparation for and attend hearing on motion to enforce settlement; confer with client and witnesses regarding new trial date; confer further with Court Coordinator regarding same; follow-up correspondence with co-counsel, client, and opposing counsel regarding potential trial date; review client correspondence regarding potential additional lawsuit; research regarding same; update client; make inquiries to counsel in case. | 1.90 | 760.00 |
| 7/2/14 | DLR | Review response from opposing counsel; confirm new trial date with Coordinator; review update from client regarding investigation into whether judgment involves the same Nathan Halsey; raise issue with opposing counsel; exchange further correspondence with client. | 0.60 | 240.00 |
| 7/3/14 | DLR | Review response from opposing counsel; consideration of next steps in light of same; brief research regarding potential admissibility; correspondence to client regarding same; direct efforts to obtain certified copies of pleadings in Rockwall matter. | 0.90 | 360.00 |
| 7/7/14 | DLR | Continue to evaluate appropriate strategy in light of discovery of parallel judgment; receive update from client confirming witness availability. | 0.30 | 120.00 |
| 7/8/14 | DLR | Review documents obtained from Rockwall County Clerk; consideration of next steps; correspondence to co-counsel and client regarding same; correspondence to opposing counsel regarding same. | 0.60 | 240.00 |
| 7/9/14 | DLR | Confirm regarding reset of trial date to 8/25. | 0.10 | 40.00 |
| 7/23/14 | DLR | Review certified copies of pleadings in parallel matter; preparation of supplement to exhibit list; | 1.20 | 480.00 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308684
Matter Description: BONAMOUR

Page 4 of 8
August 22, 2014

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | direct filing and service of same; direct updating of trial materials; correspondence to opposing counsel; telephone conference with same. | | |
| 7/24/14 | DLR | Confer with Mr. Sommerman regarding next steps; direct efforts to collect additional documents from Abbey Homes file. | 0.20 | 80.00 |
| 7/29/14 | DLR | Review and forward documents to client. | 0.20 | 80.00 |
| 8/5/14 | DLR | Confer with co-counsel regarding next steps. | 0.10 | 40.00 |
| 8/7/14 | DLR | Confer with counsel for creditor regarding alternatives. | 0.40 | 160.00 |
| 8/8/14 | DLR | Obtain credit report on Halsey; review and analyze same; confer with client regarding implications of same and alternatives; confer with co-counsel regarding developments and next steps. | 2.90 | 1160.00 |
| 8/11/14 | DLR | Confer with counsel in parallel matter; detailed review of Halsey affidavit and balance sheet; work on contacting other creditors; confer with co-counsel regarding intended course of action; correspondence to Mr. Shaw regarding results of records search and request reciprocal information, if any, on other creditors; correspondence to Halsey counsel regarding results of research, need for transparency, and requesting information concerning other creditors, if any; direct efforts to research status of mortgage; consultation with private investigator regarding alternatives to determine basis of continued failure to honor settlement agreement; consultation with Mr. McGee regarding possible additional sources of information regarding other creditors. | 5.20 | 2080.00 |
| 8/12/14 | DLR | Review follow-up emails from client; review exchanges among other creditors; advise Halsey counsel of concerns and request settlement conference. | 0.30 | 120.00 |
| 8/13/14 | DLR | Telephone conference with counsel for other creditors. | 0.40 | 160.00 |
| 8/14/14 | DLR | Update co-counsel regarding developments and discuss next steps. | 0.10 | 40.00 |

Munsch Hardt Kopf & Harr. P.C.
File No. 013271.00001
Invoice No. 10308684
Matter Description: BONAMOUR

Page 5 of 8
August 22, 2014

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/15/14 | DLR | Review various correspondence among counsel for other creditors. | 0.10 | 40.00 |
| 8/18/14 | DLR | Review correspondence forwarded by counsel in Abbey Homes matter; review client correspondence and documents forwarded by same; prepare trial checklist; correspondence to client regarding same; draft amended Petition; various correspondence to opposing counsel regarding pretrial matters; draft amended pretrial report; gather additional exhibits; confer with client regarding preparation for trial; confer with co-counsel regarding same; draft amended proposed charge; update proof outline; review defendant's limine motion and prepare arguments regarding same; update Brown witness outline; prepare case task assignments; set up preparation sessions with witnesses and co-counsel. | 6.80 | 2720.00 |
| 8/19/14 | DLR | Telephone conference with opposing counsel regarding upcoming trial setting and possible means for resolution; telephone conference with counsel for another creditor; update witness outlines to include additional information, documents, and developments since earlier trial setting. | 4.10 | 1640.00 |
| 8/20/14 | DLR | Continue preparation of witness outlines; meeting with clients and co-counsel in preparation for testimony; conference with expert in preparation for testimony. | 6.40 | 2560.00 |

Total Hours: .........................................38.20

Total Fees: ..............................................................$15,280.00

## TIMEKEEPER SUMMARY

| Title | Timekeeper Name | Init | Rate | Hours | Total |
|-------|-----------------|------|------|-------|-------|
| Shareholder | Roossien, Dennis | DLR | 400.00 | 38.20 | $15,280.00 |
| | | | Total | 38.20 | $15,280.00 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308684
Matter Description: BONAMOUR

Page 6 of 8
August 22, 2014

## DISBURSEMENTS SUMMARY

Courier Service ............................................................................$21.48
Copies Of Court Documents.......................................................$498.66
Filing Fee ......................................................................................$4.32
Overtime .......................................................................................$7.50

**Total Disbursements:**             **$531.96**

## PREVIOUS BALANCE DETAIL

| Bill Date | Inv. # | Amount | Payment | Balance |
|-----------|--------|--------|---------|---------|
| 09/21/12 | 10274780 | $5,448.05 | $0.00 | $5,448.05 |
| 11/17/12 | 10277342 | $3,695.97 | $0.00 | $3,695.97 |
| 12/21/12 | 10279242 | $1,839.94 | $0.00 | $1,839.94 |
| 01/31/13 | 10281244 | $492.00 | $0.00 | $492.00 |
| 02/19/13 | 10281610 | $960.00 | $0.00 | $960.00 |
| 03/21/13 | 10283175 | $80.00 | $0.00 | $80.00 |
| 04/17/13 | 10284631 | $120.00 | $0.00 | $120.00 |
| 06/13/13 | 10287467 | $432.00 | $0.00 | $432.00 |
| 06/18/13 | 10287664 | $456.00 | $0.00 | $456.00 |
| 08/21/13 | 10290732 | $80.00 | $0.00 | $80.00 |
| 09/26/13 | 10292815 | $1,040.00 | $0.00 | $1,040.00 |
| 10/22/13 | 10294070 | $5,568.92 | $0.00 | $5,568.92 |
| 11/23/13 | 10296214 | $29,378.52 | $0.00 | $29,378.52 |
| 12/18/13 | 10296878 | $8,084.65 | $0.00 | $8,084.65 |
| 01/17/14 | 10298090 | $6,474.00 | $0.00 | $6,474.00 |
| 02/19/14 | 10299397 | $17,436.49 | $0.00 | $17,436.49 |
| 03/19/14 | 10300698 | $2,666.85 | $0.00 | $2,666.85 |
| 04/30/14 | 10303178 | $8,559.00 | $0.00 | $8,559.00 |
| 08/22/14 | 10308682 | $18,045.11 | $0.00 | $18,045.11 |
| 08/22/14 | 10308683 | $1,802.16 | $0.00 | $1,802.16 |

000065

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308684
Matter Description: BONAMOUR

Page 7 of 8
August 22, 2014

| Bill Date | Inv. # | Amount | Payment | Balance |
|-----------|--------|--------|---------|---------|
|  |  | Previous | Balance: | $112,659.66 |

Munsch Hardt Kopf & Harr, P.C.
File No. 013271.00001
Invoice No. 10308684
Matter Description: BONAMOUR

Page 8 of 8
August 22, 2014

## PLEASE RETURN THIS PAGE WITH PAYMENT

Total Fees for Services Rendered through August 20, 2014 ........................$15,280.00

Total Disbursements ...............................................................................$531.96

**Total Amount Due This Invoice**...............................................................**$15,811.96**

    Previous Balance Due ................................................................$112,659.66

    **Grand Total Due** ...................................................................**$128,471.62**

**Wire Instructions:**
Bank of Texas, N.A.
ABA Routing Number: 111014325
Account Number: 2880510762
Swift Code: BAOKUS44

**Remittance Address:**
Accounting
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, TX 75201-6659

File Number and Invoice Number Required.

**Federal ID Number:** 75-2096964

**FOR BILLING INQUIRIES, PLEASE CONTACT ACCOUNTING AT (214) 740-5198**

# TAB 3



CAUSE NO. DC-12-12868-I

| | | |
|---|---|---|
| PAM J. HALTER, Individually and Derivatively on Behalf of Nominal Defendant, BONAMOUR PACIFIC, INC., | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| V. | § § | OF DALLAS COUNTY, TEXAS |
| NATHAN HALSEY, | § § | |
| Defendant. | § § | |
| And | § § | |
| BONAMOUR PACIFIC, INC., | § § | |
| Nominal Defendant. | § | 162nd JUDICIAL DISTRICT COURT |

## FINAL JUDGMENT

This matter was called to trial on August 27, 2014, and the Parties, having announced ready, stipulated to trial of this matter to the Court, whereupon the case was tried to the Court.

Based upon the evidence submitted and stipulations by the Parties, the Court made the following findings:

(1) There was a contract that provided for payment by Defendants to Plaintiff of $85,000 on June 9, 2014;

(2) Defendants failed to comply with the contract;

(3) Plaintiff was accordingly denied the benefit of her bargain, and thus suffered damages of $85,000;

(4) Additionally, Plaintiff reasonably relied to her detriment on Defendants' promise to pay $85,000, such that she is alternatively entitled to recover under the doctrine of promissory estoppel;

FINAL JUDGMENT – PAGE 1

(5) Based upon the foregoing, Plaintiff is entitled to judgment in the principal amount of $85,000;

(6) Plaintiff is therefore the prevailing party on a breach of contract, and therefore entitled to recover reasonable and necessary attorneys' fees;

(7) To determine an appropriate fee award, the court considered the Anderson factors and after applying those factors to the evidence, the Court has determined that a reasonable and necessary attorneys' fee for pursuing the breach of the settlement agreement to judgment is $28,333.00.

**IT IS THEREFORE ORDERED** that Defendants, jointly and severally, shall pay to Plaintiff the sum of $113,333.00, together with post-judgment interest in the amount of 5% per annum until paid in full, for which let execution issue;

**IT IS FURTHER ORDERD** that Defendants take nothing by their counter-claims;

**IT IS FURTHER ORDERED** that Plaintiff shall recover its court costs herein expended;

**IT IS FINALLY ORDERED** that all relief not otherwise granted herein is hereby denied.

SIGNED this 29th day of September, 2014

_____
JUDGE PRESIDING

# TAB 4

CAUSE NO. DC-12-12868-I

| | | |
|---|---|---|
| PAM J. HALTER, Individually and Derivatively on Behalf of Nominal Defendant, BONAMOUR PACIFIC, INC., | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| V. | § § | OF DALLAS COUNTY, TEXAS |
| NATHAN HALSEY, | § § | |
| Defendant. | § § | |
| And | § § | |
| BONAMOUR PACIFIC, INC., | § § | |
| Nominal Defendant. | § | 162nd JUDICIAL DISTRICT COURT |

## ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL

**ON THIS DAY** came on for consideration Defendants' Motion for New Trial (the "Motion") filed by Defendants Nathan Halsey and Bonamour Pacific, Inc. (herein collectively known as "Defendants"). The Court, having considered Defendants' Motion and the arguments of counsel, finds that the Motion should be denied. It is, therefore,

**ORDERED, ADJUDGED AND DECREED** that Defendants' Motion for New Trial is DENIED.

Signed on this 12th day of December 2014.

_____
PRESIDING JUDGE