**PHILLIPS & AKERS, P.C., Appellant,**

v.

**Gary CORNWELL, Appellee.**

**No. 01–95–01224–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 18, 1996.

---

Evelyn T. Ailts, Kurt Groten, Houston, for appellant.

George M. Karam, Houston, for appellee.

Before SCHNEIDER, C.J., and HEDGES and ANDELL, JJ.

## OPINION

ANDELL, Justice.

This appeal arises from a medical malpractice suit filed by the appellee, Gary Cornwell, as the legal representative of the estate of his deceased wife, Catherine Louise Cornwell, against Dr. Samuel F. Boushy. During the discovery process, Cornwell filed a motion for sanctions against the appellants, Phillips & Akers, P.C. (P & A), for alleged discovery abuses.[1] After a hearing, the trial court denied Cornwell's motion for sanctions but ordered P & A to pay attorney's fees to Cornwell in the amount of $9,459.50 for his costs in pursuing the motion for sanctions.[2]

Following trial, the jury returned a verdict in favor of Dr. Boushy and the trial court rendered a take-nothing judgment against Cornwell. P & A filed a notice to limit the appeal to the issue of the trial court's order that it pay attorney's fees to Cornwell for discovery abuses. In two points of error, P & A contends the trial court abused its discretion in ordering it to pay attorney's fees. We reverse and render.

**Summary of facts**

In his original petition, Cornwell alleged Dr. Boushy was negligent in his medical treatment of Catherine Cornwell. Catherine

---

1. At the time of the alleged discovery abuse, P & A were representing Dr. Boushy. By the time of the hearing on sanctions, Dr. Boushy had retained separate legal counsel.

2. Cornwell is a licensed attorney and represented himself pro se during the hearing on sanctions.

Cornwell consulted Dr. Boushy concerning the possibility of inserting a subclavian catheter to facilitate the administration of medication in her treatment for cancer. During a procedure to insert such a catheter, Catherine Cornwell's lung was punctured, allegedly as a result of Dr. Boushy's negligence. Among the negligent actions and omissions alleged in the petition, Cornwell claimed Dr. Boushy did not take a medical history from Catherine Cornwell "in order to determine the medical necessity or advisability" of performing the operation to insert the catheter.

P & A filed interrogatories and requests for production from Cornwell, seeking copies of Catherine Cornwell's medical records and her complete medical history. In opposition to this, Cornwell filed a motion for extension of time to respond to the interrogatories and for a protective order. In his motion, Cornwell argued that since one of the allegations of negligence concerned Dr. Boushy's failure to take a medical history, he should not be required "to arm [Boushy] before his deposition with the very information that Plaintiff alleges [Boushy] should have obtained, but failed to obtain, before attempting to surgically operate on Cathy Cornwell." Cornwell requested the trial court grant him an extension of time so that he would not have to respond to P & A's discovery requests for medical records until one day after Dr. Boushy's deposition.

Cornwell filed an order with his motion that states:

> IT IS HEREBY ORDERED THAT Plaintiff is granted an extension of time, and Protective Order, extending the time in which Plaintiff must respond to Defendant's discovery requests until one day after Defendant submits to and completes his earlier scheduled deposition.

No signed copy of this order appears in the record.

The docket sheet from the trial court includes a docket entry that indicates the trial judge ruled on Cornwell's motion for extension of time and for protective order on March 25, 1994, as follows:

> [Plaintiff] says Dr. took no history and wants the discovery to hide that fact; [Defendant] says their discovery is routine; Depo. to be set; Ans [sic] to be delivered at close of deposition counsel to call the clerk and notify the clerk of date of deposition.
>
> [Plaintiff's] mot/prot. conditionally granted, no order signed.

Based on this docket entry, signed by the trial court, we presume the trial court made an oral order to conditionally grant Cornwell's motion.

P & A subsequently sent Cornwell notice of its intent to take the deposition by written questions of Dr. Christina de la Torre, the physician who treated Catherine Cornwell prior to Dr. Boushy. As part of its deposition of Dr. de la Torre, P & A subpoenaed all of Catherine Cornwell's medical records. Cornwell received notice of the subpoena duces tecum and sent a letter to the record service employed to produce the medical records stating the trial court had stayed all requests for medical records by its order until after Dr. Boushy's deposition. Cornwell did not file a motion to quash in the trial court. P & A received Dr. de la Torre's medical records and Dr. Boushy testified by affidavit that he reviewed those records prior to his deposition.

Following Dr. Boushy's deposition, Cornwell filed a motion for sanctions pursuant to Tex.R.Civ.P. 215(2)(b) alleging Dr. Boushy and P & A had abused the discovery process and "implemented a strategy to circumvent" the trial court's order. At the conclusion of the hearing on sanctions, the trial court found Dr. Boushy was not shown to be responsible for the alleged misconduct and did not impose sanctions on him.

Regarding the activities of P & A, the trial court ruled as follows:

> I do believe that counsel's—counsel for the defendant have been very aggressive in their pursuit of satisfying their obligation to represent their client. I don't think that we are required to give up our conscience when we take on legal representation.
>
> The Court agrees that the order did not specify prohibitions in the order that was signed by the Court. The Court believes that there was an understanding between

counsel and the Court at the time that matter was heard in March, and at the time the ruling was made relative to the order that was ultimately signed.

Looking back at it, there are perhaps things that I could wish that I had specified so that there would be no doubt as to what the Court intended in that order.

. . . .

I am not going to impose sanctions in the form of sanctions [sic] because that would force me to make an evidentiary ruling that I frankly think is unnecessary at this time.

. . . .

I am going to order the law firm that was representing the defendant at the time of this conduct to pay a reasonable fee to the plaintiff for pursuing the motion for sanctions. I will require that the plaintiff appearing pro se prepare an affidavit for his time that he has spent in pursuing the motion for sanctions and submit that to you.

Cornwell submitted an affidavit itemizing his fees and costs incurred in pursuing the motion for sanctions.

The trial court signed an order that states: "It is accordingly, ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Sanctions be and the same is hereby DENIED." However, the trial court's order awarded Cornwell attorney's fees and expenses of $9,459.50.

**Award of sanctions**

In its first and second points of error, P & A argues the trial court abused its discretion by ordering it to pay attorney's fees and expenses to Cornwell.

 The decision to impose a sanction is left to the discretion of a trial court and will be set aside only upon a showing of a clear abuse of discretion. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990); *Onwuteaka v. Gill,* 908 S.W.2d 276, 280 (Tex.App.—Houston [1st Dist.] 1995, no writ). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules

or principles, or whether under the circumstances of the case the trial court's action was arbitrary or unreasonable. *Koslow's,* 796 S.W.2d at 704; *Onwuteaka,* 908 S.W.2d at 280. When reviewing a trial court's decision under this standard, we view the evidence in the light most favorable to the trial court's action and indulge every legal presumption in its favor. *Onwuteaka,* 908 S.W.2d at 280; *Vaughn v. Texas Employment Comm'n,* 792 S.W.2d 139, 143 (Tex. App.—Houston [1st Dist.] 1990, no writ). Before a trial court may impose sanctions, there must be some evidence to show an abuse of discovery. *Global Servs., Inc. v. Bianchi,* 901 S.W.2d 934, 938 (Tex.1995); *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 850 (Tex.1992).[3]

The trial court did not articulate the rule or statute under which it chose to impose sanctions on P & A. In his motion for sanctions, Cornwell relied specifically on rule 215(2)(b). That rule provides, in part:

**2. Failure to Comply With Order of Discovery Request.**

b. *Sanctions by Court in Which Action is Pending.* If a party . . . fails to comply with proper discovery requests or to obey an order to provide or permit discovery . . . the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

. . . .

(8) In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him, or both, to pay, at such time as ordered by the court, the reasonable expenses, including attorney fees, caused by the failure. . . . Such an order shall be subject to review on appeal from the final judgment.

Tex.R.Civ.P. 215(2)(b).

 When a trial court imposes sanctions for a violation of a specific rule, we must determine whether the sanctions are appropriate under that particular rule. *See Metzger v. Sebek,* 892 S.W.2d 20, 51 (Tex.

---

**3.** Findings of fact by the trial court on this issue are not necessary but may be helpful to appellate

review in some cases. *Blackmon,* 841 S.W.2d at 852.

App.—Houston [1st Dist.] 1994, writ denied). At the hearing on the motion for sanctions, the trial court found P & A had not violated the terms of its order by their actions in obtaining Catherine Cornwell's medical records. The trial court also expressly denied Cornwell's motion for sanctions. Therefore, we conclude the evidence presented in the record does not show an abuse of discovery by P & A under rule 215(2)(b).

Rule 215(3) further provides:

**3. Abuse of Discovery Process in Seeking, Making, or Resisting Discovery.** If the court finds a party is abusing the discovery process in seeking ... discovery ... then the court in which the action is pending may, after notice and hearing, impose any appropriate sanction.... Such order of sanction shall be subject to review on appeal from the final judgment.

Tex.R.Civ.P. 215(3).

As reflected in rule 215(3), a trial court has inherent power to sanction bad faith conduct during the course of litigation that interferes with the administration of justice or the preservation of the court's dignity and integrity. *Onwuteaka,* 908 S.W.2d at 280; *Metzger,* 892 S.W.2d at 51. However, there are limits to this inherent power to sanction. *Onwuteaka,* 908 S.W.2d at 280; *see Lawrence v. Kohl,* 853 S.W.2d 697, 700 (Tex.App.—Houston [1st Dist.] 1993, no writ). The trial court's inherent power to sanction exists only to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as significant interference with core judicial functions of abuse of the judicial process, such as significant interference with core judicial functions of Texas courts. *Onwuteaka,* 908 S.W.2d at 280.

At the hearing on the motion for sanctions, the trial court made no finding and did not articulate a belief that P & A had acted in bad faith in obtaining Catherine Cornwell's medical records. The record before us does not indicate and the trial court did not find P & A acted in a manner such as to interfere with the administration of justice or detract from the trial court's dignity and integrity. The trial court even noted that its order could have been more specific so as to remove any ambiguity concerning its ruling. Based on the record presented, we conclude the trial court was not justified in imposing sanctions on P & A under its inherent powers to do so.

The rules provide a trial court with authority to make any order in the interest of justice necessary to protect a party from undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights during discovery. Tex.R.Civ.P. 166b(5). The parties do not dispute the discovery of the medical records does not fall into any of these categories. Outside the criteria of rule 166b(5), we find no authority permitting a trial court to prohibit a party from discovering relevant evidence, such as the medical records sought by P & A, in the preparation of its case.[4] The issue of what medical records were reviewed by Dr. Boushy was more properly a subject for cross-examination than discovery.

We conclude the trial court abused its discretion in imposing sanctions against P & A, and we sustain its points of error. We reverse the trial court's judgment ordering P & A to pay attorney's fees and expenses to Cornwell for pursuing the motion for sanctions. Further, we render judgment that P & A shall not be required to pay any attorney's fees or expenses to Cornwell for pursuit of this matter. *See* Tex.R.App.P. 81(c).

---

**4.** There was no claim the records were protected by a physician/patient privilege. *See* Tex.R.Civ. Evid. 509.