**Opinion issued May 4, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00274-CV

_____

**HARRY C. CRAWFORD III, DARRELL GARRETT, AND THEOPHILUS OPERATING COMPANY LLC, Appellants**

**V.**

**NGUYEN & CHEN LLP, Appellee**

---

On Appeal from the County Civil Court at Law Number Two
Brazoria County, Texas
Trial Court Case No. CI51781

---

## MEMORANDUM OPINION

The law firm of Nguyen & Chen LLP (N&C) represented Harry C.

Crawford III, Darrell Garrett, and Theophilus Operating Company LLC

(collectively, the Theophilus defendants) in a lawsuit. When N&C was not paid

over $15,000 of its invoices, it brought this collection lawsuit against its former

clients. N&C prevailed, and the trial court entered a judgment awarding N&C its actual damages—the fees it incurred in the underlying suit—as well as the attorney's fees it incurred in the collection lawsuit.

The day after the posttrial judgment was entered, the trial court entered a second judgment imposing a $1,200 sanction on Crawford and Theophilus, jointly and severally, because Crawford had improperly filed a pro se answer on behalf of the Theophilus LLC, N&C had filed a motion to strike the answer and, in doing so, incurred attorney's fees.

The Theophilus defendants appeal both judgments. Regarding the first judgment, the Theophilus defendants argue that the trial court erred by overruling their objection to expert testimony on the amount of attorney's fees. Regarding the second judgment, the Theophilus defendants argue that the trial court did not have authority to impose the sanction.

We affirm the first judgment and reverse and vacate the second judgment awarding sanctions.

## Background

N&C sued the Theophilus defendants for breach of contract to recover unpaid attorney's fees earned while representing them in litigation. In connection with its breach-of-contract claim, N&C sought attorney's fees under Section 38.001 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 38.001(8). Crawford, the managing member of the Theophilus LLC, filed a pro se answer on behalf of all three defendants. N&C moved to strike the answer because Crawford, a non-attorney, could not answer on the entity's behalf. Although N&C did not specifically request an award of attorney's fees or sanctions in connection with its motion to strike, the trial court's order granting the motion provided that the Theophilus defendants would be "taxed with [N&C]'s attorney's fees and costs associated with this litigation."

One year later, the Theophilus defendants still had not paid the fees taxed in connection with the motion to strike, and N&C filed a motion for contempt of court. N&C argued that the amount of attorney's fees due was $1,482 and attached as evidence in support of that amount a written demand for payment.

The Theophilus defendants responded by asserting several challenges to the sanction order. They argued that the order taxing them with attorney's fees and costs was not valid because (1) they did not receive notice of the hearing on the motion to strike their answer, (2) there is no legal basis for awarding attorney's fees on a motion to strike, and (3) the order did not include a date by which payment had to be made. The Theophilus defendants moved to vacate the sanction order.

The trial court issued a "modified order" agreeing that its previous order lacked sufficient specificity to be enforced and stating that it had improperly

included Garrett—who had not signed the pro se pleading—in the sanction order. The trial court's modified order imposed a $1,200 sanction on Crawford and the Theophilus entity, jointly and severally, for filing the pro se answer. The next month, N&C filed a motion to enforce the court's "modified order," seeking the $1,200 awarded, plus additional attorney's fees and sanctions. While the motion to enforce was pending, the jury trial began on N&C's breach-of-contract claim for its unpaid fees incurred while representing the Theophilus defendants in the underlying lawsuit.

At trial, an N&C attorney, Brian Nguyen, testified regarding the amount of fees incurred representing the Theophilus defendants in the underlying litigation. He testified that the Theophilus defendants had paid some of the initial attorney's fees invoiced but they failed to pay over $15,000 in subsequently invoiced fees. The Theophilus defendants objected to Nguyen's testimony on the ground that N&C had not adequately disclosed his opinions, but they did not obtain a ruling on their objection.

Another N&C attorney, Henna Ghafoor, testified regarding a different fee claim—the fees incurred in this collection suit. She testified about the amount of fees incurred by N&C as it litigated its breach-of-contract suit against its former clients, the Theophilus defendants, for failing to pay their fee bill. She did not submit her time reports as evidence; instead, she testified that she had reviewed her

time sheets at her office and determined that she worked 75 hours on the case and billed an hourly rate of $195 per hour. She stated that the attorney's fees for prosecuting this second lawsuit—as opposed to the fees incurred representing the Theophilus defendants in the underlying suit—were $14,625. The Theophilus defendants objected to her testimony, arguing that N&C had failed to properly disclose the general substance of her mental impressions and opinions, making her testimony inadmissible. *See* TEX. R. CIV. P. 194.2(f)(3). Their objection was overruled.

The trial court entered a final judgment on the jury's verdict, awarding N&C $15,498.21 in actual damages for legal services it provided in the underlying suit and $13,200 in attorney's fees, as well as appellate attorney's fees, for work it performed in this collection lawsuit. The judgment stated that the court was separately entering another "judgment on sanctions previously ruled upon."

The next day, the trial court issued a "judgment on order granting motion to enforce court order" against Crawford and the Theophilus entity. That order granted the motion to enforce discussed previously and again ordered Crawford and Theophilus to pay $1,200 in sanctions.

The Theophilus defendants appeal both judgments.

**Objection to Lack of Disclosure**

In their second issue, the Theophilus defendants contend that the trial court erred by allowing Nguyen and Ghafoor to testify as expert witnesses on attorney's fees because N&C failed to make necessary disclosures about their experts under Rule 194.2(f)(3) of the Rules of Civil Procedure. *See* TEX. R. CIV. P. 194.2(f)(3) (setting forth disclosure requirements regarding expert witness's mental impressions and opinions). They seek reversal of both the actual damages award and the attorney's fee award on this basis.

## A.     Standard of review

We review a trial court's ruling on the admissibility of expert evidence for an abuse of discretion. *See Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 716–17 (Tex. 2016).

## B.     The trial court did not err by admitting the expert testimony

The Theophilus defendants failed to obtain a ruling on their objection to Nguyen's testimony; therefore, their challenge to his testimony on the fees in the underlying suit has not been preserved for review. TEX. R. APP. P. 33.1(a)(2). The Theophilus defendants did obtain a ruling denying their objection to Ghafoor's testifying about the amount of attorney's fees incurred litigating its collection case; therefore, we consider their objection and the trial court's ruling on that objection.

The Theophilus defendants' objection to Ghafoor's testimony was that N&C failed to "give the general substance of the mental impression and opinion of the expert." The trial court overruled the objection. On appeal, they make the same argument, citing Rule 194.2(f)(3) of the Texas Rules of Civil Procedure.

Rule 194.2(f)(3) requires a responding party to disclose for any testifying expert "the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them . . . ." TEX. R. CIV. P. 194.2(f)(3). N&C's written response to disclosure stated as follows:

> None at this time. However, attorneys Brian T. Nguyen, Anissah M. Andang, and Henna Ghafoor are deemed experts in the field of law and may testify as to the usual and necessary cost of litigating [the Theophilus defendants'] underlying claim. [N&C] will abide by the court's docket with respect to identifying any other experts. [N&C] reserve their right to supplement/amend their response, if necessary.

In addition to this disclosure, N&C's also identified Ghafoor as a person with knowledge of relevant facts and referenced N&C's petition, which explicitly pleaded a right to attorney's fees on its collection claim.

When a trial court overrules an objection to an expert witness testifying about attorney's fees, implicit in that ruling is either a finding of good cause for failing to sufficiently disclose expert information or a finding of no unfair surprise in the disclosure, the result of which is to allow the testimony even though the disclosure was less than complete. *Goldman v. Olmstead*, 414 S.W.3d 346, 365

7

(Tex. App.—Dallas 2013, pet. denied); *Bellino v. Comm'n for Lawyer Discipline*, 124 S.W.3d 380, 384 (Tex. App.—Dallas 2003, pet. denied).

Here, a law firm represented clients in litigation and then sued those clients for non-payment of their attorney's fees in the underlying lawsuit—a claim that permits the recovery of additional attorney's fees incurred in pursuing judgment for the unpaid fees. The attorney's fee claim was pleaded and Ghafoor, who was an attorney at the firm that represented the Theophilus defendants, was both listed as a person with knowledge and disclosed as an expert on the cost of litigating. She then testified about the attorney's fees incurred while litigating N&C's claim for unpaid attorney's fees, which was specifically pleaded for in its petition.

We conclude that the trial court did not abuse its discretion by overruling the Theophilus defendants' objection to Ghafoor's testimony on its implicit finding of lack of unfair surprise in the disclosure. We overrule the Theophilus defendants' second issue.

### Challenge to Sanction Award

N&C moved to strike the answer filed by the Theophilus defendants because the person who signed the pleading on behalf of the entity—co-defendant Harry Crawford—was not a licensed attorney. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA.*, 937 S.W.2d 455, 456 (Tex. 1996) (stating that corporations may appear only through licensed attorneys); *Amron Props., LLC v. McGown Oil*

*Co.*, No. 14-03-01432-CV, 2004 WL 438783, at *1 (Tex. App.—Houston [14th Dist.] Mar. 11, 2004, no pet.) (mem. op.) (stating that limited liability companies must appear through licensed attorneys); *see also* TEX. R. CIV. P. 7 (allowing person to represent himself pro se); *Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (mem. op.) (stating that Rule 7 applies when person is litigating his rights on his own behalf but not when acting in representative capacity). N&C's motion did not request an award of attorney's fees or sanctions.

The Theophilus defendants were not present at the hearing on the motion to strike. They have asserted that they did not receive notice of the hearing. Without them present, the trial court granted the motion to strike and ordered that the Theophilus defendants be taxed with N&C's attorney's fees and costs in the litigation.

Theophilus defendants subsequently filed amended answers through counsel. Later, through a modified order, the trial court found that N&C "incurred reasonable attorney's fees in the amount of $1,200.00 necessary to strike" the Theophilus answer and awarded N&C that amount, which was incorporated into a "judgment on order granting motion to enforce court order."

In the Theophilus defendants' first issue, they contend that the trial court erred by awarding attorney's fees as a sanction for their original answer.

## A. Law on attorney's fees and standard of review

The general rule is that attorney's fees are not recoverable in litigation. "Texas has long adhered to the American Rule with respect to awards of attorney's fees, which prohibits the recovery of attorney's fees from an opposing party in legal proceedings unless authorized by statute or contract." *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013); *see Sacks v. Hall*, 481 S.W.3d 238, 250 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). There are exceptions.

### 1. Attorney's fees by statute

Attorney's fees are recoverable by statute on certain types of claims, including breach-of-contract claims. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(8). Whether a party is entitled to seek an award of attorney's fees is a question of law that we review de novo. *See Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999).

### 2. Attorney's fees as sanction under procedural rules

There are procedural rules that permit trial courts to sanction parties by requiring them to pay their opponent's attorney's fees. One example is when a party files a frivolous appeal. *See* TEX. R. APP. P. 45. Another example is when a party files a pleading that is groundless and brought either in bad faith or to harass. *See* TEX. R. CIV. P. 13. A court may impose a sanction under Rule 13 on a party's motion or on the court's own initiative "after notice and hearing." TEX. R. CIV. P.

13; *Greene v. Young*, 174 S.W.3d 291, 298 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Whether a trial court errs by imposing a sanction is reviewed for an abuse of discretion. *See Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014).

### 3. Attorney's fees as sanction under trial court's inherent power to sanction

Trial courts also have an inherent power to sanction. Specifically, "a trial court has inherent power to sanction bad faith conduct during the course of litigation that interferes with the administration of justice or the preservation of the court's dignity and integrity." *Phillips & Akers, P.C. v. Cornwell*, 927 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ). But there are limits to this inherent power to sanction. *Onwuteaka*, 908 S.W.2d at 280; *see Lawrence v. Kohl,* 853 S.W.2d 697, 700 (Tex. App.—Houston [1st Dist.] 1993, no writ). "The trial court's inherent power to sanction exists only to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as significant interference with core judicial functions . . . of Texas courts." *Phillips & Akers*, 927 S.W.2d at 280. And the best practice remains to rely on the rules and statutes expressly authorizing sanctions whenever possible. *Kings Park Apartments, Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 101 S.W.3d 525, 541 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). To impose sanctions for an

11

abuse of the judicial process that may not be covered by any specific rule or statute, a trial court must "make factual findings to determine whether there is some evidence that the conduct complained of significantly interfered with the court's legitimate exercise of its core functions." *Id.*

Additionally, traditional due process protections require that notice and hearing be given before a party is sanctioned by a trial court under its inherent powers, just as it is required under Rule 13. *Greene*, 174 S.W.3d at 298; *Kutch v. Del Mar College*, 831 S.W.2d 506, 511 (Tex. App.—Corpus Christi 1992, no writ).

The decision to impose a sanction will be set aside only upon a showing of an abuse of discretion. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or, put differently, whether under the circumstances of the case the trial court's action was arbitrary or unreasonable. *Id.* When reviewing a trial court's decision under the abuse of discretion standard, we are required to view the evidence in the light most favorable to the trial court's action and to indulge every legal presumption in favor of the judgment. *Vaughn v. Tex. Emp't Comm'n*, 792 S.W.2d 139, 143 (Tex. App.—Houston [1st Dist.] 1990, no writ).

**B.      The trial court erred by awarding fees as sanction**

N&C argues that the $1,200 attorney's fee award is a sanction imposed under either Civil Procedure Rule 13 or the trial court's inherent power to sanction. Nowhere in the multiple orders or the trial court's judgment does the court indicate that the award was imposed as a sanction under Rule 13. But the court does refer to it twice as a "sanction": once in its "modified order" and once in its final judgment, which included a handwritten notation that the court was issuing a second judgment "on sanctions previously ruled upon." Without reference to any statutory provision or rule as a basis for sanctioning the Theophilus defendants, we will analyze the issue under the trial court's inherent power to sanction. *Kutch*, 831 S.W.2d at 509 (analyzing sanction under inherent power when no sanction rule was articulated or applied).

N&C did not move for the Theophilus defendants to be sanctioned in its motion to strike their answer. There is no indication in the record that the trial court provided the Theophilus defendants notice or an opportunity to be heard on the issue of sanctions before issuing the first sanction order. *Cf. Greene*, 174 S.W.3d at 298 (stating that traditional due process protections require notice and hearing before sanctions are imposed under trial court's inherent power to sanction). Nor did the trial court make the required finding that the Theophilus defendants' conduct significantly interfered with the trial court's legitimate

13

exercise of one of its traditional core functions. *See Kings Park Apartments*, 101 S.W.3d at 541 (requiring factual findings); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 447 (Tex. App.—Austin 2004, pet. denied) (stating that "court cannot invoke its inherent power to sanction without some evidence and factual findings that the conduct complained of significantly interfered with the court's legitimate exercise of one of its traditional core functions.").

Based on the record presented, we conclude that the trial court was not authorized to impose the $1,200 in attorney's fees as a sanction under its inherent powers to sanction. We sustain the Theophilus defendants' first issue. We reverse and vacate the trial court's "judgment on order granting motion to enforce court order against Harry C. Crawford, III and Theophilus Operating Company, L.L.C."

## Conclusion

We reverse and vacate the trial court's "judgment on order granting motion to enforce court order against Harry C. Crawford, III and Theophilus Operating Company, L.L.C." entered May 11, 2016. We affirm the trial court's final judgment entered May 10, 2016.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

14