# NO. 12-22-00193-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE GUARDIANSHIP OF VASSIL* | § | *APPEAL FROM THE* |
| *V. TCHOKOEV, AN INCAPACITATED* | § | *COUNTY COURT AT LAW* |
| *PERSON* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

William K. Wilder appeals the trial court's order imposing monetary sanctions against him. He also appeals the denial of his motion for sanctions. He presents six issues on appeal. We affirm.

## BACKGROUND

This is an appeal from an order granting sanctions in a guardianship proceeding. Much of the underlying facts are unknown and not contained in the appellate record.[1] However, the record does indicate that during the guardianship proceeding, Wilder represented the ward, Dr. Vassil V. Tchokoev. It appears Vassil's sons, Vastan and Nicholas (the Applicants), applied for the guardianship. In accordance with the Texas Estates Code, the Applicants requested an independent medical examination (IME) of Vassil's competency. The record indicates that there were some issues finding a doctor covered by Vassil's insurance. Once the examination was conducted, it appeared that Vassil's wife, Olga, participated in the examination. In addition, the examination notes referenced a more "physical" examination instead of a mental or psychological examination. Therefore, the Applicants requested an additional IME. At the hearing, the Applicants provided the trial court with the name of a doctor in Dallas that had

---

[1] Wilder makes a number of factual allegations in his brief; however, the majority of those "facts" are not contained in the appellate record.

agreed to perform the examination. The Applicants also agreed to provide or arrange transportation for Vassil to and from the appointment. The trial court granted the motion on February 22, 2022 and gave the parties thirty days to conduct the IME.

The examination was scheduled for March 3. That morning, Wilder advised Olga not to permit Vassil to go to the exam. He claimed the exam must be done by a psychiatrist or psychologist while the current doctor was a neurologist. Therefore, he refused to allow Vassil to attend. Vassil later died on March 20, under allegedly suspicious circumstances.

The Applicants filed a motion for sanctions against Wilder, alleging that his conduct on March 3, and throughout the guardianship, was unscrupulous. Following a hearing, the trial court granted the motion; however, it allowed the Applicants to amend the motion to include the amount of attorney's fees owed.

Wilder filed his own motion for sanctions alleging that the Applicants made false accusations against him and failed to post the bond required under the Texas Estates Code. The trial court denied the motion.

After the trial court closed the guardianship, the sanctions orders became final. This appeal followed.

<u>S</u>ANCTIONS

In his first three issues, Wilder asserts the trial court abused its discretion in imposing sanctions against him. In issues one and two, Wilder contends that the trial court required that Vassil be examined by a psychiatrist and not a neurologist; therefore, Wilder's advice to not undergo the examination did not warrant sanctions. In his third issue, Wilder argues that he could not be sanctioned until after the date set forth in the trial court's order.[2] In his fourth and fifth issues, Wilder states that his motion for sanctions should have been granted. Specifically, he urges that the bond required by the Texas Estates Code was never posted and the Applicants should be accordingly sanctioned.

**Standard of Review**

We review a trial court's imposition of sanctions for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 383-39 (Tex. 2004). A court abuses its discretion when it acts arbitrarily or without reference to any guiding rules or principles. *Downer v. Aquamarine*

---

[2] Wilder does not dispute the amount of the sanctions ordered.

*Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). Although we view conflicting evidence favorably to the court's decision, we are not bound by a trial court's fact findings or conclusions of law and must, instead, review the entire record independently to determine whether the trial court abused its discretion. ***Brewer v. Lennox Hearth Products, LLC***, 601 S.W.3d 704, 717 (Tex. 2020). A decision lacking factual support is arbitrary and unreasonable and must be set aside. ***Id.***

## Applicants' Motion for Sanctions

At the hearing on the motion for sanctions, Vastan testified that a nurse approached him about Vassil's HIPAA form. The release included two people: Olga and "Dr. Wilder." The nurse said that Wilder represented himself as a medical doctor. Vastan told her to remove both individuals and add him, his brother, and his wife, Megan. On cross-examination, Wilder pointed out that his wife has a Ph.D. and goes by "doctor."

Vastan further testified that on another occasion, he contacted the Tyler Police Department because he "was concerned about foul play due to the serious bump and laceration [on] top of [his] father's head that was not there on Tuesday morning that [he] can remember." The officers gave him a case number, took photographs, and collected some other evidence. They also gave Vastan a number to call when Vassil passed away. During their investigation, Tyler Police learned that several medical records had been deleted. Vastan stated:

> They informed my brother and I that the records appeared to have been deleted, that they were told by the Hospice staff that they no longer had any records or the HIPAA forms on Olga or Bill [Wilder].

Vastan testified that he received a new case number and that the officers believed a different crime may have been committed.[3]

During a second hearing on the motion, it was discussed that Wilder filed a response to the motion for sanctions in which he clarified that he never represented Olga. However, Vastan's attorney urged that he was unaware that Olga was acting pro se during the pendency of

---

[3] Vastan prepared an affidavit for the first hearing to support the motion for sanctions. He did not testify from the affidavit. Rather, he used it "for recollection." As noted above, this Court was not provided a complete clerk's record because Wilder only requested certain documents be contained in it. As a result, in reviewing the reporter's record, this Court asked the clerk's record be supplemented to contain the affidavit referenced in Vastan's testimony. Wilder filed an objection to the affidavit. It does not appear that he objected to the affidavit in the trial court. And it appears the trial court may have considered the affidavit in granting the motion for sanctions. As a result, we overrule Wilder's objection.

the guardianship. According to Vastan, Wilder was advising Olga as if he was her attorney regarding the examination scheduled for March 3. According to Vastan's attorney:

> . . . the question is we never communicated to Dr. Tchokoev, Vassil; he was in bed. That was the testimony. Wilder only communicated to Olga, who I thought was his client. I could have communicated with her, anybody else could have. She refused access to him, and that was the moment that we felt that the order had been disobeyed completely in taking him to the independent medical evaluation had been realized, but it was Mr. Wilder who directed him not to get out of bed through somebody he did not represent. It gets confusing.
>
> . . .
>
> So when we show up on the morning of March 3rd after all of this argument, after all of this presentation to take the man to go see a doctor and this man fights it, he directs to go see it, to not see it vociferously to this tangential one-off person I didn't know he didn't represent where I could've talked to her directly myself. He directly interfered in the intent of your order, psychologist or psychologist (sic) aside.
>
> Now, I'd be willing to argue the psychologist/psychologist (sic) question I thought we already had. We were in chambers when we did this and you signed an order. I think that somebody that's been practicing law 51 years, who has a duty to a client who is obviously incapacitated in some capacity, you would think would have a responsibility to see that a medical doctor looked at him, no matter what, and if they had a problem with the results that came back the day later -- the second day later, whenever they came back, he could've came [sic] here before you and said, "I object. Let's seal them. Protective order. Quash them. In camera." 51 years of experience, but he had a responsibility to know what mental health and physical condition his client was in, and my clients paid for that opportunity as neutrally and by golly as gracefully as they could.
>
> . . .
>
> I'm mad, but I didn't come here to embarrass or impugn Mr. Wilder. I respect his 51 years of practice, but enough is enough. He used every ounce -- every bit of his skills to evade, dodge, weave, obfuscate. Got a phrase for it; it's called officious intermeddling. It's production of work just for generation of costs, and we're kindly asking that the Court award these costs expressly related to misconduct after March 3rd and paid to Vastan and Nicholas Tchokoev.

Wilder argued that Applicants were complying with the court order because the doctor was not a psychiatrist or psychologist. He also argued that he had until March 24th to comply with the order. However, because Vassil died prior to that date, he argued he did not violate the order.

Generally, a trial court has "inherent power to sanction bad faith conduct during the course of litigation that interferes with the administration of justice or the preservation of the court's dignity and integrity." *Phillips & Akers, P.C. v. Cornwell*, 927 S.W.2d 276, 280 (Tex. App. Houston [1st Dist.] 1996, no writ) (citing *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994, writ denied)). Such powers, however, are limited. "The trial court's

inherent power to sanction exists only to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as significant interference with core judicial functions . . . of Texas courts." *Id.* at 280 (citing **Onwuteaka***, 908 S.W.2d at 280).

Parties must generally obey even an invalid order until it is overturned on appeal. **Bachynsky v. State***, 747 S.W.2d 847, 849 (Tex. App.—Dallas 1988), *aff'd in part and rev'd in part on other grounds,* 770 S.W.2d 563 (Tex. 1989). A party's failure to comply with a court order could result in the party being held in contempt or in other sanctions being imposed. *See* **Koslow's v. Mackie***, 796 S.W.2d 700, 704 (Tex. 1990) (discussing various sanctions for failure to comply with court orders); **Ex parte Johns***, 807 S.W.2d 768, 770 (Tex. App.—Dallas 1991, no writ) (contempt); *see also* TEX. R. APP. P. 60 (dismissal of appeal for failure to comply with order of appellate court).

Based on the record before us, the trial court could have reasonably concluded that Wilder instructed his client, Vassil, via Olga, to not comply with the trial court's order compelling an IME. Even if the trial court intended for Vassil to be examined by a psychologist as Wilder argues, the record indicates that the trial court granted the motion for an IME after the parties agreed to a specific doctor. The fact that the doctor is a neurologist does not negate the trial court's order or the parties' agreement. In addition, there is no evidence in the record that Wilder intended to comply with the trial court's order within the time frame allotted. Because the record contains evidence from which the trial court could reasonably conclude that Wilder failed to comply with a court order, we conclude that the trial court did not abuse its discretion in granting the Applicants' motion for sanctions. *See* **Koslow's***, 796 S.W.2d at 704; *see also* **Downer***, 701 S.W.2d at 241. We overrule Wilder's first, second, and third issues.

## Wilder's Motion for Sanctions

Wilder also filed a motion for sanctions alleging the Applicants failed to post bond for the temporary restraining order as required.

On March 18, 2022, the trial court held an emergency hearing on the Applicants' request for temporary guardianship and heard their request for a temporary restraining order, which it granted. That order enjoined Olga from accessing, withdrawing, transferring, removing, transmitting, or otherwise engaging in financial transactions on behalf of Vassil. The trial court further ordered that "within five (5) business days, the Movants must execute and file with the clerk a bond in the amount of $50,000.00 to the adverse party in accordance with Rule 684 of the

Texas Rules of Civil Procedure." Wilder contends the bond was never provided, and therefore, the trial court erred in not granting sanctions against the Applicants. However, he acknowledged that there is money in the registry of the court. Thus, he contends Applicants failed to follow the form of the bond.

The entirety of Wilder's argument for both issues four and five are found in his "summary of the argument" section of his brief:

> Appellees failed to post a bond for their temporary restraining order as clearly required by law, and sanctions should be ordered against them and/or their attorneys.
>
> . . .
>
> The conduct of Appellees and/or their attorneys which amounted to extreme annoyance, harassment and unprofessional conduct of Appellant and his Client justified an order of sanctions against Appellees and/or their attorneys to include an award of attorneys fees and costs of court to Appellant.

Wilder cites no authority for his arguments and no factual basis or explanation. Instead, he merged all six of his issues together, focusing on facts supporting the first three issues. Rule 38.1 of the Texas Rules of Appellate Procedure mandates that an appellant's brief must 1) state concisely all issues or points presented for review and 2) contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(e), (h). The failure to brief, or to adequately brief, an issue by an appellant effects a waiver of that issue on appeal. *General Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 598 n.1 (Tex. 2001). We have liberally construed Wilder's brief in order to give effect to his arguments. *See* TEX. R. APP. P. 38.9. But it is not our duty to review the record, research the law, and fashion a legal argument for an appellant when he has failed to do so. *Zhang v. Capital Plastic & Bags, Inc.*, 587 S.W.3d 82, 90 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). Wilder's brief does not contain a clear and concise argument and contains no citations to authority or the record. In addition, he did not argue his fifth issue before the trial court. TEX. R. APP. P. 33.1. Accordingly, we hold he has waived any alleged error with respect to issues four and five.

In his sixth issue, Wilder urges the Applicants be charged the costs of this appeal, including attorney's fees. We decided that the trial court did not err. Because Wilder's sixth

issue is premised upon the trial court's alleged error in its judgment, Wilder's sixth issue is moot. Accordingly, we overrule Wilder's sixth issue.

## DISPOSITION

Having overruled Wilder's first, second, and third issues, concluded that issues four and five are waived, and overruled his sixth issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered November 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00193-CV**

**IN THE GUARDIANSHIP OF VASSIL V. TCHOKOEV,
AN INCAPACITATED PERSON**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. G00030)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed** and that all costs of this appeal are hereby adjudged against the Appellant, **WILLIAM K. WILDER**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*